## THE GOVERNOR, for use of Thomas, Trustee,

*v.*

## A. P. WOODWORTH.

1. TRUSTEE—*when may be sued by his successor.* A trustee appointed to succeed another, may sue his predecessor upon breaches of the conditions of his official bond, after the time limited for the completion of the duty required by the bond.

2. STATUTE OF LIMITATIONS. Suit must be brought within 16 years, unless there be some relations existing between the parties which take the case out of the statute.

3. Though the bond is to the Governor for the use of the people and all others interested, the fact that the State has an interest as a creditor or stockholder, does not take the case out of the statute of limitations.

4. STATE SOVEREIGNTY—*when merged.* A state, becoming a partner in business with corporations or individuals, divests itself of its sovereign character and descends to their level instead of imparting to them its own privileges and prerogatives.

5. It follows that the statute of limitations will run against such a corporation precisely as it runs against individuals.

6. LIMITATIONS—*trusts.* Though the statute of limitations has no application to a direct trust which is subject to inquiry in a court of equity only, where the question arises between the trustee and *cestui que trust*, it does apply to a trust in respect to which there is a remedy at law.

APPEAL from the Circuit Court of Edgar county; the Hon. JAMES STEELE, Judge, presiding.

Mr. WM. THOMAS, for the appellant.

Mr. JOHN SCHOLFIELD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This case was previously before the court, and is reported in 43 Ill. 134. But a question is now presented that was not

then in the record or decided. The question is, whether the pleas of the statute of limitations to the second, seventh and eighth breaches in the declaration present a bar to the action. The demurrer to the replications to these pleas was sustained, and it is claimed that it should have been carried back and sustained to the pleas. They aver that the cause of action mentioned in the breaches did not accrue within 16 years. The replications aver that at the December term, 1850, of the circuit court of the United States for the district of Illinois, the Bank of the State of Missouri, a party interested in the condition of the bond as a creditor of the bank of Illinois, commenced a suit in chancery against Ebenezer Z. Ryan, Albert G. Caldwell, David A. Smith and George A. Dunlap, assignees of the Bank of Illinois, to compel them to account for moneys received by them as such assignees; and that such proceedings were had, that at the December term, 1859, of the United States circuit court, for the northern district of Illinois, to which the case was transferred, a decree was made and entered against the said Ryan, requiring him to pay to plaintiff, as trustee, the sum of $45,467.29 for moneys received by him as assignee of the Bank of Illinois. And it is averred that the cause of action mentioned in the breach did not accrue until the decree was entered by the court, which was within 16 years before the suit was commenced.

The other replications are substantially the same, and present the same question for determination. The question is, did the breach occur when Ryan failed to account for and pay the money received by him, or not until the decree was entered? The bond was entered into on the 27th day of March, 1845, and was approved on the 2d day of the following April. It was payable to the Governor of the State of Illinois and his successors in office. The declaration in this case was filed on the 16th of July, 1865, more than 20 years after the execution of the bond. And the declaration avers that it was the duty of Ryan to collect all debts due the bank, pay all the

liabilities, and finally close up its affairs and make final settlement thereof within four years from the passage of the law by which he was appointed assignee.

It would not seem to admit of any doubt that an action could have been maintained on this bond at the expiration of the four years, on a failure to settle up and pay the debts of the bank by the assignee. And the action could have been maintained by the acting Governor, and the recovery would have been for the sum then remaining in the hands of the assignee, and for any damages that might have been sustained by his failing to perform any duty imposed by the law. And the breach in this suit is, that Ryan failed to collect the debts due the bank within four years from the time of his appointment, and that he failed to meet the other assignees at Shawneetown, on the first Monday in December in each year, for the purpose of cancelling the bonds and certificates of the bank and of making report to the Governor, by reason of which failure the defendants became liable to pay the debt aforesaid, thus showing that appellant relied upon the breaches of the conditions of the bond as ground of recovery; and the averments in reference to the decree of the United States court show that it was based on the breach of the conditions of the bond prior to the filing of the bill. It is apparent that a suit at law could then have been maintained on the bond by the Governor at the time the bill in chancery was filed. Nor do we see the force of the objection urged that the fund was a trust and could only be controlled and disposed of by a court of equity. Had the Governor sued and recovered the funds, and equitable interests had required the interposition of a court of chancery to settle the rights of the *cestui que trust*, a bill could have been filed for the purpose. But no reason is perceived why the suit might not have been brought, the money recovered and paid over to the present trustee, who has brought this suit, as he was appointed trustee as early as in 1851. He could then have brought the suit in

the name of the Governor, for his use, precisely as he has done in this case. We can see no disability under which he labored, or any legal obstruction to a recovery. The cause of action was then as complete as it has ever been since. He could then have as well sued upon the bond as in this suit, and if 16 years have elapsed, as is averred in the pleas, since the breaches have occurred, then the action must be barred, unless there be some relation existing between the parties which takes the case out of the statute.

Appellant contends that the people have such an interest in the fund as prevents the bar of the statute. We fail to see that such is the case; the assignee was appointed to take charge of the assets of the bank and collect the debts due to it and pay those it owed. In this we see nothing that prevents the statute from running. It may be that the bank may have owed the State as well as other creditors, but, if so, that would not take the case out of the statute. Ryan's obligations were not to the State but to the creditors. It is true the bond was to the Governor, but it nowhere appears that it was for the use of the State. Had the bond been to the State or for the use of the State, then it may be the statute could not be pleaded. But no such use appears, nor does the mere fact that the bond is payable to the Governor change the rights of the parties. The fact that the State was a stockholder did not suspend the operation of the statute.

It has been held that when the Government becomes a partner with individuals in the prosecution of some business or enterprise, it divests itself of its sovereign character, so far as relates to that business, and takes the character of a private citizen. It does not impart to its associates its privileges and prerogatives, but descends to a level with those with whom it associates itself, and the character which belongs to its associates, and to the business which is to be transacted.

Many States of the Union are not liable to be sued in their own courts, yet, when they have an interest in banks, they

17—63D ILL.

never exempt the corporation from being sued. As a member of a corporation a Government never exercises its sovereignty. In such cases it acts merely as a corporation, and exercises no other power in the management of the affairs of the corporation than are given by the act of incorporation. *Bank of the United States* v. *The Planters' Bank of Georgia,* 9 Wheat. 904. And to the same effect are the cases of *The Bank of Alabama* v. *Gibson,* 6 Ala. 814; *Bank of the State* v. *Gibbs,* 3 McCord, 377; *Turnpike Co.* v. *Wallace,* 8 *Watts,* 316. These authorities seem to establish as a rule that where a State is but a partner or stockholder in a company or corporation, the same rules must be applied when the company or corporation is a party as if it was composed alone of private individuals, and it follows that the statute of limitations will run against such a corporation precisely as it does against an individual.

In the case of *The Bank of the United States* v. *Kenzie,* 2 Brockenborough, 394, it was said by Chief Justice Marshall: "Though the United States is a stockholder in the Bank of the United States, and is so far a party in all suits to which the bank is a party, the doctrine of *nullum tempus occurrit regi* does not apply to exempt the bank from the operation of the act of limitations." These authorities seem to be decisive of the question.

Nor is this such a trust as is protected from the operation of the statute of limitations. There are trusts that are never brought within its operation, but they are usually such only as can be enforced and controlled in a court of equity. Such a trust must be direct, and belong exclusively to the jurisdiction of a court of equity, and the question must arise between the trustee and the *cestui que trust.* But when there is a remedy at law, that the statute may be interposed as a defense is believed to be a principle uniformly recognized and acted upon in courts of law. There is, therefore, no reason perceived why these pleas should not be held a bar to the action. The action could have been brought when the breach

first occurred, and a recovery then had upon the bond for the same amount as might have been recovered at any later period.

The court below committed no error in holding that these pleas presented a bar to a recovery, and the judgment must be affirmed.

*Judgment affirmed.*