# HORACE HAYWARD

*v.*

# CAROLINE GUNN.

1.  LIMITATION—*when a trust is exempt from the bar of statute.* To exempt a trust from the bar of the Statute of Limitations, it must, first, be a direct trust; second, it must be of the kind belonging exclusively to the jurisdiction of a court of equity; and, third, the question must arise between the trustee and the *cestui que trust.*

2.  Hence, where money is placed in the hands of an agent for a particular use, the surplus, if any, to be refunded by him, an action at law to recover such surplus will be barred by the Statute of Limitations, by the lapse of the statutory period after a breach of the duty resting on the agent to return the surplus.

3.  SAME—*effect of Married Women's Law of* 1861 *on statute.* The effect of the act of 1861, investing married women with the sole control of their separate property, was, as to such property, to place them in precisely the same position, so far as the Statute of Limitations is concerned, as they would occupy if unmarried.

4.  EVIDENCE—*failure to render bill of items not ground for disregarding testimony of party in regard to.* The inability or refusal of a party testifying to a demand to render an itemized account, is a circumstance that might tend to weaken the effect of his testimony, but it is not conclusive proof that the testimony is false, nor should the jury be instructed to disregard the testimony in the absence of such an account.

5.  STATUTE OF FRAUDS—*whether undertaking is collateral or original.* Where a woman puts notes in the hands of an attorney to be collected, and the proceeds applied to the payment of a debt for which her husband's property has been sold, and the costs of the proceedings against her, with the agreement that when the notes are paid the certificate of purchase shall be assigned to her, such transaction on her part is an original undertaking, and not a promise to pay the debt of another, and, hence, not within the Statute of Frauds.

APPEAL from the Circuit Court of Richland county; the Hon. J. C. ALLEN, Judge, presiding.

Messrs. CANBY & EKEY, for the appellant.

Messrs. WILSON & HUTCHINSON, for the appellee.

25—82D ILL.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellee brought assumpsit against appellant, as surviving partner of the firm of Hayward & Kitchell, attorneys at law, for certain moneys belonging to her which she claimed they had received and failed to account for.

The declaration contains only the common consolidated money counts. Appellant pleaded, first, *non assumpsit;* second, that the several causes of action did not accrue within five years next before the commencement of the suit; and third, payment and set off. Appellee joined issue on the first plea, traversed the third, and replied, specially, to the second plea, first, that the several causes of action did accrue within five years; second, that the suit was to recover moneys, of which Hayward & Kitchell, as her attorneys, had been entrusted with the collection and custody; third, that suit was brought to recover on a contract in writing; fourth, the coverture of appellee; and, fifth that appellant fraudulently withheld and concealed from appellee knowledge of the several causes of action. Appellant joined issue on the replication to the third plea and the first replication to the second plea, and traversed the other replications to the second plea, upon which appellee joined issue.

The jury, under the instructions of the court, returned a verdict in favor of appellee for $584. Motion for a new trial was made by appellant, whereupon appellee remitted $184 of the amount found by the verdict of the jury, and the court then overruled the motion and gave judgment for appellee for $400.

The facts proved on the trial, so far as they are material to an understanding of the questions upon which we are required to pass, are, substantially, these:

One Samuel H. Gunn, the husband of appellee, being the owner of certain lots in Olney, and, at the same time, largely indebted to the firm of Cummins, Seaman & Co., of New York, had executed to them a mortgage on the lots to secure the payment of his indebtedness. The mortgage had been

foreclosed and the lots sold, and bid in by Cummins, Seaman &
Co., who held certificates of purchase therefor. Appellee was
desirous of purchasing and obtaining title in herself to a por-
tion of these lots, and, to enable her to gratify that desire, the
firm of Gunn Brothers (which did not include her husband)
agreed to give her $1500 for a claim she held in her own right
on certain other lots. The legal business relating to the collec-
tion of the indebtedness of Samuel H. Gunn to Cummins,
Seaman & Co., including the foreclosure, sale, etc., was en-
trusted by them to the law firm of Hayward & Kitchell.
After some negotiation, it was agreed between Cummins. Sea-
man & Co. and appellee, that they would, upon her paying
them $1000, and releasing her claim to dower in the other
lots for which they held certificates of purchase, assign and
deliver to her the certificates of purchase to six designated
lots. It is also claimed by appellant that appellee was,
in addition to paying the $1000 to Cummins, Seaman & Co.,
to pay all costs and attorneys' fees incurred by them in col-
lecting or attempting to collect claims against Samuel H.
Gunn. Appellee concedes that she was to pay, in addition to
the $1000, the costs, and attorneys' fees incurred in the fore-
closure of the mortgage, but she denies that she was to pay
any other costs. Cummins, Seaman & Co. placed in the hands
of Hayward & Kitchell the certificates of purchase intended
for appellee, to be held by them until she complied with the
agreement, and then delivered to her. Appellee sold to Gunn
Brothers the lots they agreed to buy of her for $1500, and they
secured the payment of the same by their three promissory notes
for $500 each. She placed these notes in the hands of Hay-
ward & Kitchell with the understanding, as she claims. that
they should collect them when due, and, after paying the
amount of $1000 to Cummins, Seaman & Co. and the costs
in the foreclosure suit, account to her for the balance; but ap-
pellant claims that one of the notes was assigned by her to Hay-
ward & Kitchell for the payment of the costs, attorneys' fees.
etc., which Cummins, Seaman & Co. had incurred in their efforts
to collect from Samuel H. Gunn, and that the proceeds of the

other two notes were to be applied, when collected, in pay-
ment of the $1000, and accruing interest, to Cummins, Sea-
man & Co. The notes were collected, the $1000, and some
accruing interest, paid to Cummins, Seaman & Co., and ap-
pellee relinquished her dower in the lots agreed upon to Cum-
mins, Seaman & Co. and received the certificates of purchase
to those she was to have.

It appears this all occurred as early as May, 1868, and this
suit was not commenced until October 30, 1874. Appellee
was divorced from her husband, as the record shows she testi-
fied, in 1869; but it is claimed, in point of fact, it was in
1871. In the view we take of the case, however, this is un-
important.

It appears, from the bill of exceptions, a receipt was given
by Hayward & Kitchell for two of the notes, but what its
language was does not appear. As to the third note, there
does not appear to have been any writing whatever between
the parties.

Appellee's claim is for the balance on the proceeds of the
notes (after the payments authorized by her were made) in
the hands of appellant, as surviving partner of Hayward &
Kitchell.

The court, at the instance of appellee, gave to the jury sev-
eral instructions to which exception is taken by the appellant.
The first is as follows:

" If the jury find from the evidence that the defendant held
in his hands funds which were placed there to pay certain
claims, the overplus (if any) to be returned to the plaintiff,
and if you further find that the defendant still has such funds
in his hands, you will find for the plaintiff, and assess her
damages at such sum as you find is justly her due. Such
facts, if proven, will take a case out of the Statute of Limita-
tions, and authorize a recovery, notwithstanding the lapse of
time."

Appellee contends that the facts contemplated by this in-
struction, and upon the hypothesis of proof of which it was

given, create the relation of trustees and *cestui que trust* between appellee and Hayward & Kitchell, and, therefore, the Statute of Limitations can not be interposed as a bar to her claim. This, in our opinion, is a misapprehension of the law applicable to the evidence on this point. "To exempt a trust from the bar of the statute, it must be, first, a direct trust; second it must be of the kind belonging exclusively to the jurisdiction of a court of equity; and, third, the question must arise between the trustee and the *cestui que trust*." Angell on Limitations, chap. 16, § 166; *The Governor, etc.* v. *Woodworth*, 63 Ill. 254.

The second requisite is here entirely wanting. It is obvious that a court of law has been just as competent to administer relief to appellee, ever since the breach of duty of Hayward & Kitchell, if they have been guilty of such breach, as it is now. Indeed, from the evidence, it is not perceived that appellee would, at any time, have been justified in resorting to a court of equity. No discovery was necessary, and the remedy at law was adequate. See, also, *Murray* v. *Coster*, 20 Johns. 576; *Wisner* v. *Barnett*, 4 Wash. C. Ct. 631.

The third instruction is: "The jury are not authorized to allow defendant for an account, unless the same is fully stated, so that the jury can understand for just what matter said charges are made."

This can have reference only to the evidence of appellant, in which he testified that he had appropriated the money collected, in excess of that paid Cummins, Seaman & Co., to the payment of costs and attorneys' fees. He gave no itemized account, but stated that the costs and attorneys' fees amounted to more than the amount Hayward & Kitchell had received. The effect of this instruction, as we conceive, was, to direct the jury to disregard this portion of his evidence. Appellant's inability or refusal to render an account was a circumstance that might tend to weaken the effect of his testimony, but it could not, surely, be taken as conclusive proof that it was false. If the agreement of the parties was, that appellee was to pay all the costs and the attorneys' fees in the case of

Cummins, Seaman & Co. *v.* Samuel H. Gunn, and it required all the money collected on the notes in the hands of Hayward & Kitchell, after paying Cummins, Seaman & Co. the $1000 and accruing interest, to do so, and the money was thus applied, it can not be that appellee is entitled to recover, whether appellant makes an itemized account or not. The proof of rendering an account is but one step in the evidence—if made, it might be contradicted and impeached, or, if not made, the legitimate appropriation of the money might still be proved by any competent evidence.

Appellee's fourth instruction was this:

"One party can not be held to pay the debt of another, without an agreement in writing. The plaintiff can not be held to pay the debt of Cummins, Seaman & Co., unless plaintiff agreed, in writing, that she would pay such debts."

This was unquestionably erroneous, and its tendency was to necessarily mislead the jury. As between appellee and appellant, this contract was in no sense collateral. It was an original undertaking, whereby appellee agreed to and did place the notes in the hands of Hayward & Kitchell, for a stipulated purpose, and in consideration whereof they agreed the notes should be applied to that purpose; but even if the question were, whether Cummins, Seaman & Co. could recover on this contract against Hayward & Kitchell—they having collected the notes and neglected to comply with their undertaking to that firm—we could have no doubt as to their right, notwithstanding the absence of a memorandum in writing. See *Eddy* v. *Roberts*, 17 Ill. 505; *Hite* v. *Wells*, id. 88; *Brown* v. *Strait*, 19 id. 88; *Wilson* v. *Bevans*, 58 id. 232.

Besides, it has been frequently held, a contract which, while executory, may be avoided because the formalities prescribed by the Statute of Frauds are wanting, when executed, can not be avoided on that ground. *Swanzey* v. *Moore*, 22 Ill. 63; *James* v. *Morey*, 44 id. 352.

The fifth of appellee's instructions was—

"If the jury believe, from the evidence, that, during part

of the time since the receiving of the money sued for, plaintiff was a married woman, then, for so much of said time, the Statute of Limitations will not run—that is, the Statute of Limitations could not bar plaintiff of her right, she being a married woman, unless more than five years have elapsed since the disability was removed."

By section 21, chapter 83, Revised Laws 1874, it will be observed, no exception as to the running of the Statute of Limitations against married women, in regard to their individual rights, now exists; and we are of opinion the necessary effect of the act of 1861, in vesting married women with the sole control of their separate property, was, as to such property, to place them in precisely the same position, so far as the statutes of limitation are concerned, that they would occupy if *femes sole.* When the reason ceases, the law itself ceases. The exception in favor of married women, in the old statutes of limitation, was because of their disability to sue without the consent of their husbands and the joining of their names. That being removed by the act of 1861, a married woman should be held to the same promptness, in the assertion of her rights, as any other property holder laboring under no legal disability.

But, it is insisted, even if there was error in the instructions relating to the Statute of Limitations, such error can not affect the merits of the case, because the suit is upon a contract in writing. This view, unfortunately for appellee, has no support in the evidence. There is no written evidence of the agreement whereby appellee placed the notes in possession of Hayward & Kitchell. The receipt only embraced two of the notes; and that it did not embrace the terms of the contract, is evident from the fact that neither party has resorted to it as affording such evidence, but both have confined themselves exclusively to parol evidence of what they respectively claimed to be the contract. Moreover, the proceeds of the third note, and which was not included in the receipt, we infer from the evidence, form, in reality, the only subject of controversy.

Whether, as appellant contends, that note was assigned to Hayward & Kitchell to pay attorneys' fees and costs, or was to be collected and accounted for, as appellee contends, must be determined entirely, so far as the record now discloses, from parol evidence. It is not possible to throw this note out of the case, as the record now stands, and turn the litigation entirely upon one of the others, in any view.

With regard to the question of the suppressing of knowledge of appellee's cause of action, we need but say, the evidence before us is not sufficient to sustain the judgment on that ground, disregarding the errors we have alluded to.

It may be, as is contended by counsel for appellee, that the bill of exceptions does not, in fact, present the case fairly as it was presented to the court below; but we can indulge in no presumptions to that effect. The court below settles the bill of exceptions, and when it does so, we can not entertain any suggestions tending to impeach it, or in anywise reflecting upon the conduct of the court in settling it.

The judgment is reversed and the cause remanded.

*Judgment reversed.*