## The People, etc., use of, etc. v. Ochiltree et al.

1. *Administrator's Bond—Statute of Limitations.*—In an action by the heirs of a deceased person against the administrator, and the sureties upon his official bond, it appeared that the bond was given in 1865, and that in 1872 the administrator made a report showing a balance in his hands of $1,228.50, which was approved by the court, and distribution ordered. The administrator paid out, accordingly, to all the heirs a part of their shares, and all except two in full; that no further step was taken until October, 1891, when the administrator presented his final report and asked to be discharged, objections being filed, etc. The County Court found a balance remaining in his hands, and ordered him to pay over the same in thirty days. This he declined to do, and a suit upon his bond was the result. On the question whether an action could be maintained upon the bond for an account of moneys collected, but not reported, prior to the report of 1872, it was held that it could not, more than than sixteen years, the statutory period of limitation, having elapsed since the making of the report in 1872.

2. *Limitations—Exemption of Trusts.*—The doctrine of exemption of trusts from the operation of the statute of limitations is not recognized in proceedings at law. Strictly speaking, a trust, in its technical sense, is known only in equity, and to exempt it from the bar of the statute it must be of the kind belonging exclusively to the jurisdiction of equity. Whenever a so-called trust matter is cognizable at law, it is not withdrawn from the operation of the statute, but is subject thereto.

**Memorandum.**—Action of debt on an administrator's bond. Appeal from a judgment in favor of the defendants rendered by the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

## APPELLANTS' STATEMENT OF THE CASE.

On November 20, 1865, defendants, John R. Ochiltree and Elizabeth Custer, were granted letters of administration upon the estate of Jacob M. Custer, deceased, by the County Court of Champaign County, and on that day, with defendant M. B. Custer and others, executed the bond in suit. At the August term, 1872, upon an *ex parte* report made by defendant Ochiltree, the same court ordered a distribution of personal assets of the estate among the heirs, but of this action of the court the heirs had no prior notice.

On October 5, 1891, Ochiltree filed his report in the same court, showing a compliance with this order of distribution, and asked to be discharged as administrator. Notice to the heirs of J. M. Custer was given by publication, and the cause set for hearing on November 23, 1891. On this day the heirs for whose use this suit is brought, appeared, filed objections to the report, and insisted that money unaccounted for had come into Ochiltree's hands. A trial was had and the court, finding that Ochiltree had received $1,072.98 more than he had accounted for, an order was entered requiring him to pay to the heirs of said estate said sum within thirty days. Suit was brought upon the bond to enforce payment of this sum by the plaintiffs jointly, who are shown, by the evidence, to be the heirs of Jacob M. Custer. A failure to pay this sum of money is the breach of the bond set forth in the declaration, and upon which the trial was had, under a stipulation that all defenses might be made the same as if specially pleaded.

## APPELLANTS' BRIEF.

Though this bond was executed more than ten years before the suit was brought, yet the statute of limitations has not barred this action. The statute only runs from the time when suit might have been brought upon the cause of action. Dickerson v. Merriman, 100 Ill. 342.

It is insisted that the statute of limitations applies to claims by heirs against administrators, for the reason that

the trust relation is not of the "kind belonging exclusively to the jurisdiction of a court of equity." The law is well settled that the county courts of Illinois, when adjusting the accounts of executors, administrators and guardians, act as courts of equity with plenary powers. Wadsworth v. McConnell, 104 Ill. 369; Brandon v. Brown, 106 Ill. 519; Millard v. Harris, 119 Ill. 185·; Estate of Corrington, 124 Ill. 363; Winslow v. Leland, 128 Ill. 304.

J. O. CUNNINGHAM, attorney for appellants.

APPELLEES' BRIEF.

The right of action accrued to these parties at the time of making the report in August, 1872, and they can not bring a suit to recover the same now, because it is clearly barred by the statute of limitations.

"The action could have been brought when the breach first occurred, and a recovery then had upon the bond for the same amount as might have been recovered at any later period." The Governor, etc. v. Woodworth, 63 Ill. 254; Scheel v. Eidman, 77 Ill. 303.

In treating of the subject of the statute of limitations as applied to trusts, we call the attention of the court to the case of The Governor v. Woodworth, 63 Ill. 254. On page 258, at the bottom of the page, the court say: "There are trusts that are never brought within its operation, but they are usually such only as can be enforced and controlled in a court of equity. Such a trust · must be direct, and belong exclusively to the jurisdiction of a court of equity, and the question must arise between the trustee and the *cestui que trust*. But where there is a remedy at law, that the statute may be interposed as a defense, is believed to be a principle uniformly recognized, and acted upon in courts of law."

In the case of Hayward v. Gunn, 82 Ill. 385, in passing upon the question of the application of the statute of limitations to trusts, the court say, on page 389: "To exempt a trust from the bar of the statute, it must be, first, a direct trust; second, it must be of the kind belonging exclusively

to the jurisdiction of a court of equity; and third, the question must arise between the trustee and the *cestui que trust;*" citing Angell on Limitations, Chap. 16, Sec. 166, and 63 Ill. 254.

J. L. RAY, attorney for appellees.

OPINION OF THE COURT.

This was an action of debt on a bond given by Ochiltree as administrator of the estate of Custer. The suit was against the administrator and his sureties for the use of the heirs of the decedent, jointly.

The case was tried by the Circuit Court, a jury being waived, and judgment was entered for the defendants. It appears that this bond was given on the 20th of November, 1865; that at the August term, 1872, of the County Court, the administrator presented his report, showing a balance in his hands of $1,228.50, which was approved by the court and distribution thereof between the widow and heirs was thereupon ordered; that the administrator paid out accordingly to all the heirs a part of their shares, and all except two in full; that no further steps were taken until the October term, 1891, when the administrator presented his final report and asked to be discharged. In this report it was stated that his former reports had all been taken from the files, but that the record of the report of 1872 appeared in book 8, page 1892, of the County Court records, and the order of distribution thereon; that all debts and claims against the estate had been paid, and asking to be discharged; whereupon objections were filed on behalf of the heirs, and such proceedings were had that the County Court found the administrator was chargeable for moneys which he had received and failed to pay over on various accounts, in the total sum of $1,072.98, and ordered him to pay the same to the heirs within thirty days.

Of this sum $46 was due B. Custer and $130.54 due W. C. Custer on the order of distribution of the August term, 1872.

It appeared that no money had been collected by the administrator since the making of his report in 1872.

The question presented is whether an action can now be maintained upon the bond against the principal and sureties for and on account of the moneys not reported, but collected, if ever, prior to the report of 1872.

The Circuit Court solved this in the negative, and we are inclined to agree with that conclusion. More than sixteen years elapsed from the making of the report in 1872 to the bringing of the present suit. If the administrator was ever in default he was so when he filed his report in 1872, and he was then liable to an action on his bond. He had collected the money and failed to account for it.

It is suggested, however, that the administrator was a trustee and as such precluded from the defense of the statute of limitations. This report of 1872 was equivalent to an open denial that any more was due—a repudiation of liability in respect to all matters not reported; and if the proceeding were in a court of equity, such a denial would require the heirs to proceed to assert their adverse rights. Quayle v. Guild, 91 Ill. 378.

But the doctrine of exemption of trusts from the operation of the statute of limitations is not recognized in proceedings at law.

Strictly speaking, a trust, in its technical sense, is known only in equity. To exempt a trust from the bar of the statute it must be of the kind belonging exclusively to the jurisdiction of equity. Whenever a so-called trust matter is cognizable at law it is not withdrawn from the operation of the statute but is subject thereto. Angell on Limitations, sections Nos. 166 and 178; The Gov., etc., v. Woodworth et al., 63 Ill. 254; Haywood v. Gunn, 82 Ill. 385. The judgment will be affirmed.