SCHOOL DIRECTORS OF DISTRICT No. 5

*v.*

SCHOOL DIRECTORS OF DISTRICT No. 1.

*Filed at Mt. Vernon January 31, 1883.*

1. LIMITATION—*in chancery, for money had and received by school directors.* Where a township treasurer by mistake pays the moneys arising from taxes levied in one school district to the directors of schools of another district, the Statute of Limitations will bar a bill in equity by the directors of the district entitled to the funds after the lapse of five years from the last payment so made to the wrong district, by analogy to the limitation at law for money had and received.

2. SAME—*school funds—whether held in trust.* Money belonging to a school district while in the hands of the township treasurer is a trust fund, but when he pays it out to the directors of another district, on their orders, by mistake, without fraud or collusion, or notice to the recipients that it belonged to another district, it can not be held to be a trust fund in their hands which will exclude the operation of the Statute of Limitations.

3. SAME—*applies to municipal corporations.* In an action on contract or for a tort, a municipal corporation may plead or have pleaded against it the Statute of Limitations.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. F. A. CONAUGHY, and Mr. A. S. WILDERMAN, for the appellant:

A court of equity has jurisdiction, on the ground that the moneys sued for are trust funds. *School Directors v. School Directors,* 73 Ill. 249; *Hopkins v. Granger,* 52 id. 504; *Jackson v. Norris,* 72 id. 364; *Parker v. Garrison,* 61 id. 250; *Pooley v. Rudd,* 7 E. L. & E. 290; Dillon on Mun. Corp. secs. 909, 910. Also, to compel the restoration of public trust funds misappropriated by fraud or mistake. *Jackson v. Norris, supra; Stokes v. Frazier,* 72 Ill. 428; *Norton v. Hixon,* 25 id. 439; *Pool v. Docker,* 92 id. 501. Also, because

the action for money had and received will not lie, there being no remedy at law. *Hall* v. *Carpen,* 27 Ill. 386; *Carpen* v. *Hall,* 29 id. 512.

The moneys sued for here being public trust funds, created by the exercise of the powers of taxation for the maintenance of the public schools of the appellant district, the Statute of Limitations does not run against this suit. *Logan County* v. *City of Lincoln,* 81 Ill. 156; *County of Piatt* v. *Goodell,* 97 id. 84; *Chicago, Rock Island and Pacific R. R. Co.* v. *City of Joliet,* 79 id. 25; Dillon on Mun. Corp. (3d. ed.) sec. 675.

Appellant had no power to actively misapply or give away the funds sued for in this case, nor would its negligence, or even its willful disobedience of law, be binding, so as to deprive it of its funds, hence the Statute of Limitations does not run. *Sherlock* v. *Village of Winnetka,* 59 Ill. 389; *Jackson* v. *Norris,* 72 id. 364; *Detroit* v. *Weber,* 26 Mich. 284; *Supervisors* v. *Jones,* 19 Wis. 51; *Supervisors* v. *Knipfer,* 37 id. 496.

Courts of equity interfere in many cases to prevent the bar of the Statute of Limitations, where it would be inequitable or unjust, which it is submitted it would be in this case. 2 Story's Eq. Jur. sec. 1521, and notes.

Mr. Charles W. Thomas, and Mr. R. F. Wingate, for the appellee:

The money, after it reached the persons to whom paid upon appellee's directors' orders, was no longer a trust fund, unless the payee directors acted collusively with the township treasurer. *Steele* v. *Clark,* 77 Ill. 471; *Trustees* v. *Trustees,* 81 id. 470; *Moore et al.* v. *Fessendeck et al.* 88 id. 422.

No recovery can be had in this case for want of a privity of contract, express or implied. *Steele* v. *Clark,* 77 Ill. 471; *Bloomer* v. *Denman,* 12 id. 240; *Rogers* v. *Kelly,* 2 Camp. 123; *Trumbull* v. *Campbell,* 3 Gilm. 502; *Williams* v. *Everett,* 14 East, 582.

The fact that appellant is a school district does not prevent the bar of the Statute of Limitations. It runs against municipal corporations as to cases of contract or tort. *County of Piatt* v. *Goodell,* 97 Ill. 84.

Mr. Justice Sheldon delivered the opinion of the Court:

This was a bill in equity, filed September 6, 1880, by School Directors of District No. 5 Union, in townships 2 and 3 north, range 9 west, in St. Clair and Madison counties, Illinois, against School Directors of District No. 1 Union, in townships 2 and 3 north, range 9 west, in St. Clair and Madison counties, Illinois.

The bill alleges that complainant had been levying taxes for school purposes each year, since 1869, on property in its district, and that the treasurer of said town 2, by mistake, from confusing the names of the two districts, placed to the credit of District No. 1 Union, and paid out, on its orders, funds arising from taxes levied and collected from sections 1 and 2 in complainant's school district; that this was done for the four consecutive years, 1870, 1871, 1872 and 1873, the amount of such taxes so diverted being the sum of $1981.63; that in those years the said School District No. 1 Union, being in receipt of taxes arising from levies on said sections 1 and 2 in said District No. 5 Union, did not make any tax levy on property in its district, but carried on its schools out of funds collected from taxes levied by complainant district. The object of the bill was the recovery of the above named sum of money. The circuit court, on hearing, decreed in favor of the complainant. On appeal to the Appellate Court for the Fourth District the decree was reversed, and complainant appealed to this court.

We are of opinion that the Statute of Limitations of five years, relied upon by appellee in its answer, is a bar to any recovery in this suit. The bill shows upon its face that more than five years had elapsed between the last payment of any

of this money and the filing of the bill. There is nothing proved or alleged that would tend to justify this delay.

Appellant sets up the claim that the moneys sought to be recovered are public trust funds, and that for that reason the Statute of Limitations does not run against the suit. The trustee in this case was the township treasurer, and as long as he held the money it was a trust fund in his hands, but when he paid it out to appellee, or on its orders, it was not a trust fund in appellee's hands which would exclude the operation of the Statute of Limitations. There was no proper trust relationship between appellant and appellee, arising from the mere receipt by the latter of trust funds belonging to the former, without anything of fraud or collusion on the part of appellee, or notice of the money belonging to appellant. It would be but the ordinary case of money had and received for the use of another; and in any such case of a personal claim, equity requires relief to be sought within the period prescribed for personal suits of like nature at law. (1 Story's Eq. Jur. secs. 64 a, 529; *Hancock* v. *Harper*, 86 Ill. 445.) The analogous suit at law would be an action of assumpsit for money had and received, the limitation for which is five years, and we think the same limitation should be applied to this suit in equity for the recovery of the money.

In an action on contract or for a tort, a municipal corporation may plead or have pleaded against it the Statute of Limitations. 2 Dillon on Mun. Corp. sec. 675; *Logan County* v. *City of Lincoln,* 81 Ill. 156; *County of Piatt* v. *Goodell,* 97 id. 84.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*