THE PEOPLE *ex rel.* Town of Atlanta

*v.*

THE TOWN OF ORAN *et al.*

*Filed at Springfield September 27, 1887.*

1. LIMITATIONS—*as applicable to municipal corporations.* Municipal corporations, in all matters involving mere private rights as contradistinguished from public rights, as, the liability of one town to another to pay money to or for the other, are subject to the limitation laws to the same extent as private individuals.

2. SAME—*in suit to compel contribution for indebtedness of a town from which territory has been taken.* In a proceeding by one town from which territory has been taken, against the town to which it was attached, to compel the latter to contribute to the payment of the indebtedness of the former town, the Statute of Limitations of five years may be pleaded as a bar.

3. If a town having a bonded indebtedness is divided, and part of its territory attached to another town, a proceeding to apportion the indebtedness between the two towns so that each may thereafter pay its proportionate share thereof, must be brought within five years after the right has accrued, or it will be barred. There is no trust in such a case to take the case out of the operation of the statute.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Logan county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. BLINN & HOBLITT, for the appellants:

The indebtedness of a town before its territory is detached must be apportioned, and the town to which the territory is attached contribute its part, under the statute. Rev. Stat. chap. 139, secs. 32, 33, 35; *Hensley Township* v. *People*, 84 Ill. 554.

The Statute of Limitations can not be pleaded to defeat a trust, or to any public right of a municipal corporation. 2 Dillon on Mun. Corp. secs. 668, 673; *Logan County* v. *City of Lincoln*, 81 Ill. 157.

Mr. OSCAR ALLEN, for the appellees:

The Statute of Limitations applies to *mandamus. Peoria County* v. *Gordon,* 82 Ill. 435.

The Statute of Limitations may be pleaded against municipal corporations. *County of Piatt* v. *Goodell,* 97 Ill. 84.

The statute need not be pleaded when the facts are apparent on the face of the petition. *Ilett* v. *Collins,* 103 Ill. 75.

Public rights of corporations which are not barred by the Statute of Limitations, are only those which concern the people of the State, generally. Dillon on Mun. Corp. sec. 533; *City of Alton* v. *Transportation Co.* 12 Ill. 60; *County of Piatt* v. *Goodell,* 97 id. 84; 7 Wait's Actions and Defences, 23.

In England only matters not barred are charitable trusts. Grant's Corp. 560, note 10.

The applicant for *mandamus* must show diligence, or the writ will be refused. *Territory* v. *Potts,* 3 Mon. 364; Dillon on Mun. Corp. (2d ed.) sec. 694, note, and cases cited.

This application might have been made as long ago as 1872. *Hensley Township* v. *Bailey,* 84 Ill. 544.

A condition precedent to relief is the giving notice of meeting to apportion. Diligence should be shown or relief will be refused. It was not given for thirteen years in this case. It ought to have been given at once. Rev. Stat. 1874, p. 1070, sec. 32; *Shelburne* v. *Robinson,* 3 Gilm. 597.

*Laches* must be fully explained. *Breit* v. *Yeaton,* 101 Ill. 272, and cases cited.

For other reason than the delay of petitioner, the court was justified in dismissing the petition.

Messrs. BEACH & HODNETT, also for the appellees:

The Statute of Limitations runs against all trusts except express trusts, and such as are cognizable only in courts of equity. *Hayward* v. *Gunn,* 82 Ill. 385; *Governor* v. *Woodworth,* 63 id. 254; *School Directors* v. *School Directors,* 16 Bradw. 651; Angell on Limitations, sec. 166; Wood on Limitations, 436.

Municipal corporations are within the operation of the Statute of Limitations.    *Ramsey* v. *Clinton,* 92 Ill. 225 ; *County of Piatt* v. *Goodell,* 97 id. 84 ; *Cincinnati* v. *Evans,* 5 Ohio St. 409 ; *School Directors* v. *School Directors,* 105 Ill. 653 ; Wood. on Limitations, sec. 53, p. 93 ; *Lane* v. *Kennedy,* 5 Ohio St. 42 ; *Cincinnati* v. *Presbyterian Church,* 8 id. 298 ; *School Directors* v. *Georges,* 50 Mo. 194 ; Dillon on Mun. Corp. (3d ed.) secs. 668-676, and cases cited.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition in the name of the People, on relation of the town of Atlanta, in Logan county, for *mandamus,* to compel the supervisor and assessor of the town of Oran to meet with the supervisor and assessor of the town of Atlanta, and agree as to the amount of indebtedness of the town of Atlanta, which the town of Oran shall assume on account of certain territory being detached from the town of Atlanta and joined to the town of Oran.

It appears from the petition, that in March, 1872, by an order of the board of supervisors of Logan county, six sections of land were detached from the town of Atlanta and joined to the town of Oran. It also appears, that at the time the order was made there was a legal bonded indebtedness existing against the town of Atlanta, which the people of the six sections had assisted in making, amounting to the sum of $50,000. It also appeared that the town of Oran had never paid or assumed any portion of such indebtedness, but refused to make any arrangement with the town of Atlanta in relation thereto.

To the petition the town of Oran pleaded the Statute of Limitations, as follows : "And for a plea in this behalf, defendants say that the petitioner ought not to maintain the said petition against them, the said defendants, because they say that the supposed cause of action in said declaration mentioned did not accrue to the petitioner within five years next before the commencement of this suit, in manner and form as peti-

tioner has above complained against them, the defendants; and this the defendants are ready to verify." The petitioner demurred to the plea, but the court overruled the demurrer, and petitioner electing to abide by its demurrer, the petition was dismissed and judgment rendered against it for costs. The judgment of the circuit court was affirmed in the Appellate Court, and to reverse the latter judgment the petitioner brings the record here by appeal.

The petition was filed under sections 32, 33 and 35, chapter 139, of the Revised Statutes of 1874, which statute, it is claimed, required the supervisor and assessor of the town of Oran to meet the supervisor and assessor of the town of Atlanta, on notice, and determine the proportion of the indebtedness to be borne by each town. The three sections of the statute are as follows:

"Sec. 32. When a town possessed of or entitled to money, rights or credits, or other personal estate, shall be divided or altered, such personal estate, including moneys, shall be apportioned between the towns interested therein, by the supervisors and assessors of such towns, according to the amount of taxable property in the town divided or altered, as the same existed immediately before such division or alteration, to be ascertained by the last assessment list of such town; and such supervisors and assessors shall meet, for the purpose aforesaid, as soon as may be after the first town meeting subsequently held in such town.

"Sec. 33. Whenever a meeting of the supervisors and assessors of two or more towns shall be required in order to carry into effect the provisions of this article, such a meeting may be called by either of said supervisors; but the supervisor calling the same shall give at least ten days' notice, in writing, to all the other officers, of the time and place at which such meeting is to be held.

"Sec. 35. Debts owing by a town so subdivided or altered shall be apportioned in the same manner as the personal prop-

erty of the town, and each town shall thereafter be charged with its share of such debts according to such apportionment."

As has been seen, no steps were taken by the town of Atlanta to require the town of Oran to assume or pay a portion of the debt until more than ten years after the territory was taken from one town and added to the other, and the question raised by the demurrer is, whether this long delay is a bar to the proceeding. If, after the territory was detached from Atlanta and added to Oran, the result was that the latter named town became indebted to the former, or to the bondholders,—that the debt was of an ordinary character, such as one individual or town may owe to another,—no argument is required to show that the Statute of Limitations would run against such a debt. But it is insisted by counsel for appellant that such is not the nature or character of the debt, but, on the other hand, the money sought to be recovered is a trust fund, and hence is protected from the operation of the statute.

There is nothing in the language of the statute indicating that a debt of this character is a trust fund, or that the relation of trustee and *cestui que trust* exists between the parties. The statute merely declares that debts owing by a town so divided shall be apportioned, and each town shall be charged with its share of such debts according to such apportionment. Under the language of the statute, the town of Atlanta had the right, by pursuing the course pointed out in the act, to require the town of Oran to pay a certain portion of its bonded indebtedness. By accepting the territory it became a debtor, and was legally bound to pay a certain portion of the indebtedness of the town of Atlanta; but we see nothing in the act or the transaction from which the conclusion can be reached that the liability thus created established a trust, or that the one town held any money in trust for the other.

But if the transaction assumed the character of a trust, as contended by appellant, it is not such a trust as is exempt from the operation of the Statute of Limitations. In *Hayward* v.

*Gunn,* 82 Ill. 385, this court held: "To exempt a trust from the bar of the Statute of Limitations, it must, first, be a direct trust; second, it must be of the kind belonging exclusively to the jurisdiction of a court of equity; and third, the question must arise between the trustee and *cestui que trust.*" See, also, *Governor* v. *Woodworth,* 63 Ill. 254, and Wood on Limitations, sec. 215, where the same doctrine is announced. Here all the elements in the case cited are wanting. It is not a direct or express trust. It is not of that character belonging exclusively to a court of equity. Nor does the question arise between trustee and *cestui que trust.* No such relation exists between the two towns. We think, therefore, it is clear that there is no such trust made out by the facts relied upon in this case as to prevent the bar of the Statute of Limitations.

It is also contended that a public right of a municipal corporation is involved, and upon that ground the Statute of Limitations can not be pleaded as a defence to the action. In *County of Piatt* v. *Goodell,* 97 Ill. 84, we had occasion to consider to what extent municipal corporations might be barred by the Statute of Limitations, and we there held that municipal corporations, in all matters involving mere private rights as contradistinguished from public rights, strictly so called, are subject to limitation laws to the same extent as private individuals; but in all matters involving strictly public rights they are not subject to the limitation laws, as such. See, also, *School Directors* v. *School Directors,* 105 Ill. 653.

No public rights are involved in this case,—the controversy relates solely to two townships. The real question is, whether the town of Atlanta shall recover money from the town of Oran. This matter does not concern the State or the people of the State. We fail to see how the public can be interested in this transaction to any greater extent than they would be in an action which one citizen might bring against another to recover money claimed to be due on a contract. The public will neither lose nor gain if the town of Atlanta is required to pay all of its

indebtedness, nor will it affect the public if the town of Oran is required to contribute. No public interest being involved, the Statute of Limitations might properly be pleaded.

In the argument much reliance is placed on the case of *County of Logan* v. *City of Lincoln*, 81 Ill. 157. In that case the Statute of Limitations was held not to be available as a defence, but the facts in that case are so different from the case. under consideration that the decision can have no bearing here. The same rule of law is, however, declared in that case that was announced in *County of Piatt* v. *Goodell, supra*, as will be seen from the following language of the court: "Our understanding of the law is, that as respects all public rights, or as respects property held for public use upon trusts, municipal corporations are not within the operation of the Statute of Limitations; but in regard to contracts or mere private rights the rule is different, and such corporations, like private citizens, may plead or have pleaded against them the Statute of Limitations."

We perceive no ground for disturbing the judgment of the Appellate Court, and it will be affirmed.

*Judgment affirmed.*