The People for the use of the Treasurer of Knox County, Appellant, v. James W. Davis et el., Appellees.

## Gen. No. 5355.

1. STATUTES OF LIMITATION—*against whom do not run.* Statutes of limitation do not run against the state in respect to public rights, unless the state is expressly included within the terms of the statute, and this rule extends to minor municipalities created by the state as local governmental agencies, such as counties, cities, towns and the like, in respect to governmental affairs affecting the general public; and in all matters affecting strictly public rights, such minor municipalities are exempt from the statutes of limitation. But as to matters involving private rights, counties, cities, towns and other like municipalities are subject to statutes of limitation to the same extent as individuals.

2. STATUTE OF LIMITATIONS—*when runs against bond.* In an action upon the official bond of a sheriff to recover fees alleged to have been unlawfully retained the statute of limitations constitutes a defense.

Action of debt. Appeal from the Circuit Court of Knox county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910.

A. J. BOUTELLE and HARDY, WELSH & HARDY, for appellants.

WILLIAMS, LAWRENCE, WELSH & GREEN, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

At the time of the judgment in the court below, this was an action of debt in the name of the People for the use of the Treasurer of Knox county against James W. Davis and C. A. Stetson, the only surviving obligors upon the official bond of Robert G. Mathews, as sheriff of Knox county for a term of four years beginning December 1890. The breach assigned in the declaration was that Mathews, at the expiration of his term of office, retained a large amount of fees, monies, emoluments and earnings collected by him, over and above his lawful salary, clerk hire and other expenses, law-

fully allowed to him as sheriff, and that he wrongfully converted the same to his own use and never paid the same to the treasurer of Knox county. Plaintiff filed a very lengthy itemized bill of particulars from which it appeared that plaintiff's claim was that in the semi-annual settlements of the sheriff with the county board, numerous items for the expenses of the sheriff's office, serving papers, conveying persons to the penitentiary, and the like, had been charged against the county and allowed to the sheriff in incorrect amounts, some for less than was due the sheriff and others for more than was due, and that as a result of a restatement of the entire account for the whole term for which the bond was given, a certain sum remained still due to the county. Davis and Stetson each filed numerous pleas to the declaration. Davis filed plea No. 7, setting up that the several supposed causes of action in the declaration mentioned did not nor did any or either of them accrue to the plaintiff at any time within ten years next before the commencement of the suit. Stetson filed plea No. 7A to the same effect. Plaintiff demurred to these pleas and that demurrer was overruled. Plaintiff elected to abide by its demurrer to the pleas just mentioned and defendants had judgment, from which plaintiff below appeals. There were rulings on demurrers to other pleas, but the errors assigned only relate to the two pleas just mentioned.

Statutes of limitation do not run against the state in respect to public rights, unless the State is expressly included within the terms of the statute, and this rule extends to minor municipalities created by the State as local governmental agencies, such as counties, cities, towns and the like, in respect to governmental affairs affecting the general public; and in all matters affecting strictly public rights, such minor municipalities are exempt from the statutes of limitation. But as to matters involving private rights, counties, cities, towns and other like municipalities are subject to statutes of limitation to the same extent as individuals. Brown v. Trustees of Schools, 224 Ill. 184. We regard Ramsay v. County of Clinton, 92 Ill. 225, as decisive of this

case. That was a suit in equity by the county of Clinton to recover allowances made to Ramsay as county clerk for services and expenses of his office, to which it was alleged he was not entitled by law. The answer set up that the county had a complete remedy at law, and also set up the statute of limitations. It was held not only that there was a remedy at law, but also that the statute of limitations was available as a defense. The same principle was applied in School Directors v. School Directors, 105 Ill. 653, and People v. Town of Oran, 121 Ill. 650. The principle is that the people of the State at large are not interested in the amount allowed for these county expenses; that they involve only private rights. We are of opinion that the court properly overruled the demurrer to the pleas of the statute of limitations.

The judgment is therefore affirmed.

*Affirmed.*