### David Cohen, Appellee, v. William Schimberg, Appellant.

#### Gen. No. 15,963.

1. APPEALS AND ERRORS—*effect of finding by chancellor.* All presumptions will be indulged in favor of the findings of fact by a chancellor, especially where he has seen and heard the witnesses.

2. SPECIFIC PERFORMANCE—*when granted.* Held, that it was proper for the court to order the assignment of a lease which was part of the contract by which the defendant sought to establish the complainant in the saloon business, payment being made by the complainant in installments.

Bill for specific performance. Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard

Cohen v. Schimberg, 165 Ill. App. 170.

in the Branch Appellate Court at the October term, 1909.   Affirmed.
Opinion filed October 20, 1911. *Certiorari* denied by Supreme Court
(making opinion final).

JOHN F. CLARE and WEINBERG & NOXON, for appellant.

SEYMOUR N. COHEN, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The bill in this case was filed to enforce the specific performance of an agreement alleged to have been made between David Cohen, complainant, and William Schimberg, defendant. The agreement alleged in the bill is that William Schimberg agreed to furnish Cohen with a complete stock of wines, liquors and cigars and a set of saloon fixtures to be used by Cohen in conducting a retail saloon business; that out of the receipts of said business Cohen agreed to pay for the same in periodical installments until the indebtedness so created had been fully satisfied.

It is also alleged in the bill that it was agreed between the parties that a lease of suitable premises should be obtained for conducting the business, that the lease should be the sole and exclusive property of Cohen, but that it should run to Schimberg as security for the indebtedness of Cohen, and that when the indebtedness had been fully paid, Schimberg should assign the lease to Cohen. The bill further alleges a lease was obtained; that Schimberg did furnish Cohen with a complete saloon outfit; that Cohen fully paid Schimberg for the same, but that Schimberg has not assigned to Cohen the lease of the premises as he agreed. The relief asked is that Schimberg be compelled to assign to Cohen the lease of the premises. ·

The answer of Schimberg alleges that he had secured the lease in question before any agreement with Cohen; that after the lease was secured, an agreement was made with Cohen whereby Schimberg agreed to furnish a complete saloon outfit to Cohen, Cohen to pay

for same out of receipts of the business and after the indebtedness had been discharged Cohen should remain in the premises as the tenant of Schimberg while he purchased his wines and liquors from Schimberg, who was engaged in the wholesale and retail liquor business. The answer also denies that the lease ever was the property of Cohen or that Schimberg ever agreed to assign it to Cohen, and alleges that the lease always was and is the sole and exclusive property of Schimberg; that after the indebtedness had been fully paid, Cohen remained in the premises for a long period and regularly paid his rent to Schimberg for the same until November, 1908, when Cohen refused to purchase any more goods from Schimberg and refused to pay his rent; that thereupon Schimberg began proceedings to dispossess Cohen and was prosecuting the same until he was enjoined.

A few days after the bill was filed a temporary injunction was granted restraining Schimberg from prosecuting his forcible entry and detainer suit.

The agreement alleged and sought to be enforced was an oral agreement. The chancellor after a hearing found the issues for the complainant and entered a decree that the contract alleged be specifically performed.

The grounds urged for a reversal of the decree are that specific performance of a contract will only be enforced where the terms are clear, certain, unambiguous and either admitted by the pleadings or proven with a reasonable degree of certainty; and second, in bills for specific performance there must be no substantial variance between the contract alleged and the contract proved. The final contention is that the decree is not supported by the evidence.

The defendant in his answer admitted the making of the agreement in substance as set out in the bill of complaint, and testified to by the complainant and his witnesses, except in a few unimportant particulars and that the ownership of the lease was not included in the

agreement.   The only serious contention in the case, therefore, is as to the ownership of the lease of the premises as between the complainant and defendant.

In support of his bill the complainant testified to the agreement set up in the bill, namely, that the defendant agreed to furnish him with a set of fixtures, a stock of goods and everything necessary for the business; that complainant was to run the business, and pay over to the defendant the receipts of the business weekly, retaining sufficient for his living expenses, and when complainant had everything paid up defendant was to turn over everything to the complainant, and have no interest in the place whatever.

It appears without controversy that after the agreement was made the defendant procured the lease in question from the owner of the premises running to himself as lessee, and delivered to the complainant a complete stock of goods and the fixtures in the premises.   He also secured a government liquor license and a city of Chicago saloon license in his own name for the carrying on of a retail liquor store and business in the premises, and defendant's name was placed outside of the premises.   The complainant then took possession of the premises, and with the assistance of his wife conducted the business, and turned over the receipts thereof weekly to the defendant, retaining sufficient for his living expenses as provided in the agreement, for a period of about one year and a half, during which period the defendant took all the money received in the business and paid all the bills incurred in carrying it on.   In thus transacting their business, the defendant on the first of each month rendered statements to the complainant which showed the payments made by the complainant on account of the business during the preceding month, the disbursements made by the defendant for the business and the balance remaining unpaid by the complainant from time to time to the defendant until February 20, 1907, when the statement showed that the indebtedness of the complainant to the

defendant was fully paid. These statements were offered in evidence by the complainant and appear in the record. From them and from the testimony of both parties to the controversy it appears that the rent of the premises during the eighteen months prior to February 20, 1907, was paid to Fogelstad by the defendant and the defendant charged the complainant for the rent in the monthly statements in the same manner as all other charges were made, and the rent receipts were turned over to complainant.

About the time of the complete payment by the complainant to the defendant, complainant requested the defendant to deliver the lease to him. Defendant then said that he did not know where it was, and told the complainant to see him about it some other time. Subsequently complainant spoke to the defendant about the lease several times and was met with the same reply each time. Finally complainant insisted upon having the lease turned over to him, and the defendant then refused to comply with his demand.

Complainant's testimony is corroborated by the testimony of his wife, who was present when the agreement was made, and by the testimony of Fogelstad, the landlord.

The case thus made by the complainant was opposed by the testimony of the defendant to the effect that he agreed to furnish the complainant with the fixtures and a stock of goods, and the complainant was to pay for them as soon as he could, and should buy all his wines and liquors of the defendant; and that nothing was said about the lease, and he never agreed to turn it over to the complainant.

Upon a consideration of the allegations of the bill and the evidence we find no substantial variance between the case made by the bill, and that made by the proofs. In our opinion the proof supports each and every allegation of the bill. The weight of the evidence was for the chancellor who had the witnesses before him, and all presumptions will be indulged in favor of

his findings, especially when he saw and heard, as he did in this case, the witnesses deliver their testimony. We think also that the probabilities of the controversy over the lease, when the conceded facts and circumstances are considered, strongly tend to support the contention of complainant that the ownership of the lease was to be in him as well as the property and business when he had completed payment for the fixtures and property in accordance with the terms of the contract. The decree is fully supported by the evidence and it is affirmed.

*Affirmed.*