(No. 25508.—

THE TRUSTEES OF SCHOOLS OF TOWNSHIP NO. 38 *et al.* Appellants, *vs.* THE CITY OF CHICAGO *et al.* Appellees.

*Opinion filed April 17, 1940.*

HOLLAND M. CASSIDY, WALTER E. BEEBE, and GEORGE M. SUNDHEIM, (HAMILTON K. BEEBE, of counsel,) for appellants.

RICHARD S. FOLSOM, (FRANK S. RIGHEIMER, and FRANK R. SCHNEBERGER, of counsel,) for appellee the Board of Education of the City of Chicago; BARNET HODES, Corporation Counsel, (ALEXANDER J. RESA, ALFRED KAMIN, and SYDNEY R. DREBIN, of counsel,) for appellee the City of Chicago.

Mr. JUSTICE JONES delivered the opinion of the court:

Appellants seek reversal of a decree of the circuit court of Cook county striking their amended and supplemental petition and dismissing a suit involving section 16, township 38 N. range 13 E. of third principal meridian in Cook County, Illinois, and the proceeds of its value under annexation proceedings by the city of Chicago.

In April, 1915, the village of Clearing in Cook county was annexed to the city of Chicago under the provisions of the Annexation act of 1889. (Ill. Rev. Stat. 1939, chap. 24, par, 386, *et seq.*) Included in the annexed village is school section 16, theretofore under the custody and control of appellants as trustees of schools. In January, 1916, the trustees of schools filed a petition in the circuit court against the city of Chicago seeking to recover, under section 8 of the Annexation act, the just and proportionate value of section 16, less credit for the proportionate share of money of the school township on hand. On December 5, 1930, they filed an amended and supplemental petition, the same in substance as the original, except it alleges further annexations of lands in the school township by the city, and makes the board of education of the city of Chicago a de-

fendant. On March 22, 1939, the amended and supplemental petition stricken by the chancellor, was filed. It prays that appellees be required to account for the use of section 16 since its annexation, and the proceeds of sales of any right, title or interest thereto; to pay appellants the value of section 16, and to surrender the property to appellants in the event of failure or inability to pay. Thereafter, certain school districts of the school township outside the annexed territory were permitted to file an intervening petition adopting the allegations of the last amended and supplemental petition. The demurrer of the city of Chicago to the original petition was ordered to stand to the amended and supplemental petition of 1939 and the intervening petition. The motion of the board of education to strike the amended and supplemental petition was ordered to stand to the intervening petition. The demurrer was sustained and the motion to strike was allowed. Appellants elected to stand by the last amended and supplemental petition, and the suit was dismissed. By section 4 of the Annexation act, title to annexed school lands is held in the name of the annexing city for the same purposes and to the same uses and objects as theretofore,—i. e., in trust for the use of schools. All real estate held by a city for the use and benefit of schools is held in the name of the city in trust for the use of schools. (Ill. Rev. Stat. 1939, chap. 122, par. 155.) The title was never in the trustees of schools, but was in the State under the terms of the grant from Congress. The trustees of schools are an agency of the State to handle and control school funds for the use of schools. Sales of school lands are conducted by the county superintendent of schools, and patents are issued by the Auditor of Public Accounts upon the county superintendent's certificates of sale. Ill. Rev. Stat. 1939, chap. 122, par. 247, *et seq.*

It is apparent that no freehold is involved. The controversy relates solely to the rights of appellants and ap-

pellees. The question is whether appellees shall pay appellants the value of section 16 or surrender its custody to the school trustees. This matter does not concern the State or the public. The State will neither gain nor lose by the result of the suit and is not an interested party. (*People v. Town of Oran,* 121 Ill. 650.) A constitutional question is not presented, so as to give this court jurisdiction of a direct appeal, where the judgment or decree is assailed on the ground that its enforcement will deprive the person against whom enforcement is sought of some constitutional right. We are concerned only with the validity of the judgment or decree. (*Economy Dairy Co.* v. *Kerner,* 371 Ill. 261; *O'Connor* v. *Rathje,* 368 id. 83.) Appellants do not present any constitutional question or challenge the validity of any statute or municipal ordinance, and no franchise is involved. No question is presented of which this court has jurisdiction by direct appeal.

The cause is transferred to the Appellate Court for the First District.