Trustees of Schools of Township No. 38 North, Range 13, East of the Third Principal Meridian, in Cook County, Illinois, et al., Appellants, v. City of Chicago and Board of Education of the City of Chicago, Appellees.

### Gen. No. 41,321.

392

[REDACTED]

Opinion filed February 17, 1941. Rehearing denied March 3, 1941.

HOLLAND M. CASSIDY, WALTER E. BEEBE and GEORGE M. SUNDHEIM, all of Chicago, for appellants; HAMILTON K. BEEBE, of Chicago, of counsel.

BARNET HODES, Corporation Counsel, for certain appellee; ALEXANDER J. RESA, ALFRED KAMIN and SYDNEY R. DREBIN, Assistant Corporation Counsel, of counsel.

RICHARD S. FOLSOM, of Chicago, for certain other appellee; FRANK S. RIGHEIMER and FRANK R. SCHNEBERGER, both of Chicago, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

January 26, 1916, the Trustees of Schools of Township 38 North, Range 13, East of the Third Principal Meridian in Cook county, Illinois, filed its petition designated by it "Summary Proceeding under the Statute" against the city of Chicago involving section 16 on account of that section being annexed to the city of Chicago. More than fourteen years afterward the Board of Education of the City of Chicago was made an additional party defendant. Nearly nine years after this, by leave of court, School Districts 103, 104, and 110, in Cook county, intervened as additional complainants. October 17, 1939, the city's demurrer to the motion of the board of education to strike the second-amended and supplemental complaint was sustained, the suit dismissed and plaintiffs appealed to the Supreme Court where, upon consideration, the cause was

transferred to this court. *Trustees of Schools v. City of Chicago*, 373 Ill. 508.

The record discloses that in April, 1915, the Village of Clearing in Cook county, which included all of section 16 and some additional territory in Township 38, was annexed to the city of Chicago, as stated by our Supreme Court, "under the provisions of the Annexation act of 1889. (Ill. Rev. Stats. 1939, chap. 24, par. 386, *et seq.*) In January, 1916, the trustees of schools filed a petition in the circuit court against the city of Chicago seeking to recover, under section 8 of the Annexation act, the just and proportionate value of section 16, less credit for the proportionate share of money of the school township on hand." The city was served with process, entered its appearance and filed a general demurrer. Nothing further appears to have been done for nearly fourteen years thereafter when on December 20, 1929, the case was reached for trial and no one appearing to prosecute the suit was dismissed. June 5, 1930, an order was entered by agreement of the parties setting aside the order of dismissal and reinstating the cause.

Six months thereafter, December 5, 1930, plaintiff filed an amended and supplemental petition which was substantially the same as the original petition except it alleges that after the annexation of the Village of Clearing in 1915, as above stated, other and further territory located in School Township 38 was annexed to the city of Chicago on four different occasions: the first, July 12, 1915, describing certain property with an assessed valuation of $222,174; the second, February 4, 1918, describing certain property with an assessed valuation of $52,079; the third, July 8, 1921, property with an assessed valuation of $82,077; and the fourth on June 30, 1923, property with an assessed valuation of $231,673. The board of education was made an additional defendant and entered its appearance. Nothing further appears to have been done until more than

eight years had elapsed when on January 4, 1939, the suit was again reached for trial and again dismissed for want of prosecution. Two days thereafter, the dismissal was vacated and the cause reinstated. March 22, 1939, leave was given to file a second-amended and supplemental petition, to which the city excepted. The petition was then filed. It alleged, among other things, the annexation of the Village of Clearing in 1915 in which section 16 was located and that "immediately upon the alleged annexation of said Village of Clearing to the City of Chicago, said City of Chicago then and there and without the consent or approval of your petitioner and without the consent and approval of the inhabitants of said School Township outside of the limits of said Village of Clearing," took over possession and control of section 16 for its exclusive benefit, disregarding the rights of the petitioner and its inhabitants. The allegations of the first-amended and supplemental petition (setting up the four subsequent annexations hereinbefore mentioned) were eliminated and it was further alleged that since the annexation in 1915 of section 16, the city had failed and refused to account to or pay petitioner "said rents, issues, incomes and profits and the proceeds of said sales, or any part thereof"; that the City had permitted portions of the land to remain idle and had rented other portions for the use of a municipal airport from which the city had received large profits but had made no accounting to the petitioner; that section 16 had a value of $1,000,000; that the common schools of School Township 38 were poor, and inadequately furnished and as a result the children of the township do not receive suitable education; that the city is indebted in excess of 5 per cent of the value of its taxable property; that because of the failure of the city "to pay your petitioner the value of said Section 16, or otherwise make suitable and proper provisions for the administration of said property for the benefit of the inhabitants of

said School Township not allegedly annexed to or a part of the City of Chicago, the said City of Chicago has acquired no right, title, or interest in or control over said Section 16 and the control and administration of the same should be returned to your petitioner to be administered in accordance with the Act of Congress and the statutes of the State of Illinois . . . and said City of Chicago should be required to account for the use of said property and any moneys or things of value received by reason of the sale of any right, title, or interest thereto''; that the board of education of Chicago claimed to have some interest and it was made an additional party defendant.

The prayer was that the court summarily hear the matter and ''pronounce judgment as the right and equity of the matter may demand, and particularly'' that the city and board of education be required ''to pay to your petitioner the value of said Section 16 and account to your petitioner for the use of said Section 16 since April 26, 1915, and the proceeds of the sale of any right, title or interest thereto''; that for failure or default of the city or board of education to pay to the petitioner ''the value of said Section 16'' the city be required to ''surrender to your petitioner the management and control of said Section 16 and account to your petitioner for the use of the same since April 26, 1915, and the proceeds of the sale of any right, title or interest thereto.''

By the order of March 22, 1939, permitting the filing of the second-amended and supplemental petition, it was ordered that the demurrer of the city theretofore filed stand to the second-amended and supplemental petition. The hearing of the demurrer was set for April 26, 1939.

April 20, the board of education filed its motion to strike the second-amended and supplemental petition and to dismiss the suit specifying fourteen reasons, among which were that since the supplemental petition

sought to recover the lands it was barred by the twenty-year statute of limitations—the supplemental petition not having been filed until after twenty years from the annexation of section 16 in 1915; that the cause of action claimed in the petition for an accounting was barred by the five-year statute of limitations and that petitioner was guilty of laches. Other specific grounds are set up which we think it unnecessary to specify here.

Thereafter, May 11, 1939, School Districts 103, 104, and 110, in Cook county, filed their motion for leave to intervene as additional parties plaintiff. Nothing further appears to have been done until October 17, 1939, when an order was entered "*nunc pro tunc* as of 13th day of October, 1939," permitting the three school districts to intervene as additional petitioners and to adopt the allegations of the last mentioned supplemental petition.

October 16, 1939, the appearance of the three school districts was entered by counsel and on that day filed their intervening petition. They joined in the prayer for relief sought by the supplemental petition. The next day the court entered an order sustaining the demurrer of the city and the motion of the board of education, and dismissed the suit from which the petitioners prosecute this appeal.

In transferring the case to this court the Supreme Court in its opinion said (373 Ill. 508): "By section 4 of the Annexation act, title to annexed school lands is held in the name of the annexing city for the same purposes and to the same uses and objects as theretofore, *i.e.,* in trust for the use of schools. All real estate held by a city for the use and benefit of schools is held in the name of the city in trust for the use of schools. (Ill. Rev. Stats. 1939, chap. 122, par. 155.) . . .

"It is apparent that no freehold is involved. The controversy relates solely to the rights of appellants and appellees. The question is whether appellees shall

pay appellants the value of section 16 or surrender its custody to the school trustees. This matter does not concern the State or the public. The State will neither gain nor lose by the result of the suit and is not an interested party. (*People v. Town of Oran*, 121 Ill. 650.)''

Defendants contend that the second-amended and supplemental petition filed March 22, 1939, was demurrable and the ruling of the court in so holding was proper. In support of this it is said the original petition filed in 1916 sought to recover from the city the just and proportionate share of the value of section 16, etc., and that this was also the allegation of the first-amended and supplemental petition filed in 1930, but that the supplemental petition now before the court is in effect a bill in chancery to compel the city to pay petitioners the full value of section 16 and all of the proceeds derived from the sales or rents thereof, or if defendants fail or refuse to do so they be compelled to transfer the entire section back to petitioners, and that the allegations are insufficient.

Counsel for petitioners in their brief say they have never taken the position that petitioners were entitled to the value of section 16 and all of the income or proceeds derived therefrom. But we think this is not borne out by the allegations of the supplemental petition filed in 1939, as appears from what we have heretofore said in stating the allegations of the bill. This view is also sustained by the Supreme Court in its opinion when it said ''The question is whether appellees shall pay appellants the value of section 16 or surrender its custody to the school trustees.'' The petition was certainly demurrable when it asked that in case defendants did not pay the amount found due that section 16 be returned to petitioners. The law does not require this. But we do not place our decision on that ground. The proceedings here are brought under the provisions of sections 4, 8, and 13 of the Annexation Act of 1889.

(Ill. Rev. Stat. 1939, ch. 24, pars. 389, 393, 398 [Jones Ill. Stats. Ann. 21.407, 21.411, 21.416].) Section 4 provides that where property is annexed to the city, such as is involved in the instant case, the city "shall become vested with title and ownership of all property belonging to said city, village or incorporated town so annexed, to be held for the same purposes and for the same uses, subject to the same conditions as theretofore, and if the public schools of such enlarged city, . . .: are all in charge and under the control of one board of education, the said enlarged city, . . . shall assume and pay the indebtedness of each school district or township lying wholly therein, and shall become vested with the title and ownership of all property belonging to any school district or township lying wholly therein, . . . And if there be a portion of a school district or township lying within and a portion lying without such annexed territory, the debts of such school district or township shall be paid and the property divided in the same manner as is provided for paying debts and dividing property in section eight (8) of this act, where parts of cities, villages or incorporated towns are annexed to other cities, villages or incorporated towns."

Section 8 provides that where property is taken from one municipality and annexed to another "the proportionate share of any indebtedness, contract or liability of such city, village or incorporated town from which such territory is taken shall be assumed and paid by such enlarged city, . . . and if the public schools of such enlarged city, . . . shall be in charge and control of one board of education, then the proportionate share of any indebtedness of any school district or township shall be assumed and paid by such enlarged city," and that the amount to be paid by the enlarged city shall be determined and agreed by the proper city and village officials; that if the officials are not able to agree then the matter shall be determined

by the Circuit court of the county and "The court shall hear and determine the matter in a summary manner, without pleadings, and shall pronounce judgment as the right and equity of the matter may demand."

And by section 13 it is provided that in case of such annexation and the municipal authorities are unable to "agree as to the division of the property or the settlement of their respective rights and all matters arising out of said annexation within sixty days thereafter," then the circuit court may hear and determine and give judgment or decree as the rights of the parties may appear.

Under the provisions of the three sections we think the above was sufficient to warrant the court in hearing and determining the rights of the parties.

But counsel for defendants say that on account of the great delay in prosecuting the proceeding petitioners' rights are barred by the five and twenty-year statute of limitations and by laches. We think this contention must be sustained. *Brown v. Trustees of Schools,* 224 Ill. 184; *School Directors v. School Directors,* 105 Ill. 653; *People ex rel. Town of Atlanta v. Town of Oran,* 121 Ill. 650; 21 C. J. 210–219.

The Village of Clearing which included all of section 16 was annexed to the city of Chicago in 1915. The original petition was brought in apt time, January 26, 1916, but nothing was done under this petition (except it was dismissed for want of prosecution and the matter reinstated) until more than fourteen years thereafter when an amended and supplemental petition was filed which was substantially the same as the original petition except it set up four separate and distinct other annexation proceedings by which property on each occasion was taken from Township 38 and annexed to the city of Chicago. After this second petition was filed substantially nothing was done (and the suit was again dismissed for want

of prosecution) until nearly nine years had elapsed when the petition before us was filed in March, 1939. Although the three school districts, numbers 103, 104, and 110 filed their written motion May 11, 1939 for leave to intervene, no action was taken on that until the following October 17 when an order was entered permitting them to do so. The petition of 1939 alleges on information and belief that the city has permitted portions of the land annexed in 1915 to remain idle and made no effort to rent or otherwise obtain any income, and other portions of the annexed property were rented by the city for the use of a municipal airport from which large profits have been received.

Counsel for defendants in their brief point out that in 1934 the Board of Education of the City of Chicago, pursuant to an act of the legislature of February 28, 1934, executed a mortgage on its school lands including the property annexed to secure the payment of a loan from the Reconstruction Finance Corporation of $22,500,000; that its action was approved by the Supreme Court in *Board of Education v. Upham,* 357 Ill. 263, and that the courts will take judicial notice of this fact.

In *Brown v. Trustees of Schools,* 224 Ill. 184, an action of ejectment was brought by the school trustees to recover the possession of part of a schoolhouse lot. The twenty-year statute of limitations was interposed as a defense. The Supreme Court held the defense was good holding that no public rights were involved but only private or local rights—that the rights of the State were not involved. So, in the instant case, the Supreme Court in transferring the case said: "The State will neither gain nor lose by the result of the suit and is not an interested party. (*People v. Town of Oran,* 121 Ill. 650.)"

"Negligence in the prosecution of a suit after its commencement may bar relief. The mere institution of a suit does not of itself relieve a person from the

operation of the rule of laches; if he fails to prosecute his suit diligently the consequences are the same as though no suit had been begun.'' (21 C. J. 215–216; *Thomas v. Van Meter,* 164 Ill. 304.) ''the question of laches is addressed to the sound discretion of the chancellor, and his decision will not be disturbed on appeal unless it is so clearly wrong as to amount to an abuse of discretion.'' (21 C. J. 217–219; *Woodall v. Peden,* 274 Ill. 301.) There is no contention that any of the property involved or the proceeds thereof have not all been used for school purposes.

In the instant case the annexation of section 16 to the city of Chicago was in 1915, and twenty-four years thereafter the second-amended and supplemental petition was filed. We ought to say, however, that the delay was not occasioned by present counsel for petitioners who did not come into the case until 1939. We think what the Supreme Court of the United States said in *Stoll v. Gottlieb,* 305 U. S. 165, is apt here. ''It is just as important that there should be a place to end as that there should be a place to begin litigation.''

The order and decree of the circuit court of Cook county dismissing the proceeding is affirmed.

*Affirmed.*

MATCHETT and McSURELY, JJ., concur.