**S. Lee Dennis, et al., Plaintiffs-Appellees, v. Lawrence Hite, et al., Defendants-Appellants.**

**Gen. No. 60–O–8.**

Fourth District.

January 12, 1961.

Rehearing denied February 20, 1961.

Wham and Wham, of Centralia, and Joe Frank Allen, of Mt. Vernon, for appellants.

Craig and Craig, of Mt. Vernon, for appellees.

CULBERTSON, P. J.

This is an appeal from a decree of the Circuit Court of Jefferson County restoring the lost or destroyed public records showing the result of an election held on April 1, 1947. The action had been instituted to restore the lost or destroyed public records of the election held for the purpose of voting upon the proposition of whether the sale at retail of intoxicating beverages should be prohibited in that part of the town of Mt. Vernon lying outside the corporate limits of the City of Mt. Vernon. The petitioners are persons who reside in that part of Mt. Vernon. The petition alleged that the Clerk of the Town of Mt. Vernon made and kept public records which showed substantially that an election was held April 1, 1947 in that part of the Town of Mt. Vernon lying outside the City, for the purpose of determining whether the sale of alcoholic liquors should be prohibited in that part of the town, and showing as a result of the election it was voted that the sale of alcoholic liquors should be prohibited in that area outside of the City.

It was prayed in the petition that the Court find that the Town Clerk kept such public records showing that a majority of the votes cast were in favor of the proposition to prohibit such liquor sales, and that the records were lost or destroyed. The Court entered a decree finding the election was held on such date; that the Town Clerk kept the record of the results of the election which showed a majority voted in favor of the proposition to prohibit the sale of intoxicating liquor; that the record was lost or destroyed; and the Court ordered that the record be restored; and that a copy of the decree restoring the record should be of the same force and effect as the original record.

Defendants' theory of the case in this Court is that petitioners failed to establish by competent evidence,

431

■■■■■■

(1) that a valid election was held; (2) that the alleged records that they seek to replace by the Court Order ever existed; or, (3) that any such records were lost or destroyed. Defendants also state that petitioners were guilty of laches or, in the alternative, that undue hardship on part of defendants could be avoided by limiting the effect of any decree which might be entered restoring the election records.

■■ It would not be of value to recite the evidence in detail. It is sufficient to state that the evidence, taken with all intendments most favorable to petitioners, proved that the public record existed; that it is now lost and not among the records of the Town Clerk; and that the record made by the Town Clerk showed that the election resulted in the majority of the votes being in favor of the proposition to prohibit the sale at retail of alcoholic liquors in the area in question. Proof that a record once existed has disappeared and cannot be produced, is fundamentally sufficient to establish a contention for restoration of the lost record to the files (Goetz v. Koehler, 20 Ill. App. 233, 235), and it is not necessary to prove all the preliminary steps taken with reference to a local option election, the legality and validity of those steps being presumed from proof of the general result. Petitioners presented evidence of the record itself, its substantial contents, and that it was kept by the Town Clerk in a black hard backed book. The evidence showed that there were no records to be found presently among the records of the Town Clerk relating to the election and the secondary evidence was, therefore, properly admissible after a showing that the original of the record could not be located.

■ We are particularly concerned with the necessity of the restoration of records by a Court of Equity since the failure to restore such records would have nullified the will of the electors as expressed in the

election. A result such as contended for by appellants would make it possible for an unprincipled person, by removing the record of the election, to cause the election to be a nullity. All reasonable presumptions, therefore, are indulged in favor of the decree appealed from (Cohen v. Schimberg, 165 Ill. App. 170, 174).

█ The defendant Hite had invested $200,000.00 in a 31 room motel, and approximately $100,000.00 in a restaurant and cocktail lounge in the area. Before the commencement of the construction of the building, Hite had discussed the question of a retail liquor license with the Mayor of Mt. Vernon, who stated he would issue a license. He would not have built the restaurant without the issuance of a liquor license. There was evidence that Hite knew nothing about the local option election which was held shortly after the opening of the restaurant and cocktail lounge. The petition in this action was filed approximately seventeen months after the restaurant and cocktail lounge opened for business. On such basis the defendant contends that petitioners were guilty of laches.

█ One of the petitioners, within three days of the time that a liquor license was issued to defendant Hite, searched the Town Clerk's records and could not find a record of the election. There was some evidence that one of the petitioners conferred with defendant Hite at petitioner's home, discussing the fact that the territory was a dry territory under local option. In any event, the petitioners have apparently instituted the action a few days after a liquor license was issued to defendant Hite. A petitioner, Dennis, testified he had no knowledge that a license might be issued until he heard that one was in fact issued. There was no evidence that petitioners had knowledge, prior to the issuance of a license, that the records were missing. The Trial Court held that laches did not constitute a defense. Since the question of laches is addressed to

433

the sound discretion of the Chancellor, the Court will not interfere with that determination unless the conclusion is so clearly wrong as to amount to an abuse of discretion (Trustees of Schools of Tp. No. 38 North v. Chicago, 308 Ill. App. 391, 401, 32 N.E.2d 180). We cannot, on the record, state that the Chancellor abused his discretion in the instant case.

On the issue of whether the decree should be limited, in its application to defendants, it need only be observed that the petitioners in the petition did not seek any direct affirmative action as against defendants. The decree did not grant any affirmative relief as against defendants, but simply prayed the restoration of the lost records. Theoretically, petitioners or other persons may or may not take affirmative action against defendants. If affirmative action is taken in an effort to close the tavern then defendants might allege, by way of defense, that they have suffered hardship and ought to be excused from compliance with the local option law. There is no basis, however, for any modification of the existing decree under the record before us.

The decree of the Circuit Court of Jefferson County will, therefore, be affirmed.

Affirmed.

SCHEINEMAN, J., and HOFFMAN, J., concur.