CRUDUP *v.* RAMSEY.

Decided January 31, 1891.

1. *Limitation—County warrant.*
    The bar of the statute of limitations may be pleaded to a petition for mandamus to compel a county treasurer to pay a county warrant.

2. *Period of limitation—Warrants under seal.*
    The period of limitation in such an action is five years from the delivery of the warrant, although the clerk has, without authority, affixed thereto the county seal.

APPEAL from *Franklin* Circuit Court.

HUGH F. THOMASON, Judge.

Mandamus to compel Ramsey, treasurer of Franklin county, to pay certain county warrants under seal lawfully issued and antedating the present constitution. Defendant answered, first, that the warrants were barred by certain

orders of the county court, dated respectively May 1, and August 11, 1884, calling in county warrants for cancellation and reissue (under Mansf. Dig., secs. 1147–9); and second, that they were barred by the five years limitation on instruments in writing not under seal (Mansf. Dig., sec. 4483). The circuit court held that the warrants were barred both by the orders of the county court in 1884, and by the five years limitation. Plaintiff has appealed.

*Ed. H. Mathes* and *J. V. Bourland* for appellant.

1. The treasurer cannot plead the five years statute of limitation. 36 Ark., 487; *ib.*, 114.

County warrants are not notes. They are in the nature of executions on judgments, and yet not executions. They are issued on judgments, the limitation on which is ten years. In any event the plea of limitation cannot avail in this case. Mansf. Dig., sec. 4487; 39 Ark., 262.

They are under seal, and bear date prior to the present constitution; hence the limitation is ten years. 33 Ark., 709; 32 *id.*, 410. They were reissued in 1880, and the statute would run, if at all, only from that time.

The appellee *pro se.*

HEMINGWAY, J. That the statute of limitations runs in favor of counties against their ordinary indebtedness, is the rule in this State. *Gaines* v. *Hot Spring Co.*, 39 Ark., 262; *Desha Co.* v. *Jones*, 51 Ark., 524. That it runs against county warrants, follows, unless there is something in the law authorizing their issuance that takes them out of its operation.

The law provides that whenever an allowance is made by the county court, and an order therefor entered upon the records, the clerk shall, when requested by the person in whose favor the allowance is made, issue a warrant for the amount of the allowance, Gantt's Dig., sec. 605 (Mansf. Dig., sec. 1415); and that warrants shall be signed by the clerk and numbered progressively throughout the year. *Id.*, sec. 605. It further provides that all warrants shall be

1. Limitation —County warrant.

paid out of any money in the treasury not otherwise appropriated, or out of the particular fund expressed therein, and shall be received, irrespective of their number and date, in payment of all taxes and debts accruing to the county. *Id.*, sec. 610 (Mansf. Dig., sec. 1420). Under this provision this court held that it was the duty of the sheriff and of the treasurer to receive warrants offered in payment of taxes or dues to the county, without regard to the time that had elapsed since their issuance. *Daniel* v. *Askew*, 36 Ark., 487 ; *Whitthorne* v. *Jett*, 39 Ark., 139 ; *Howell* v. *Hogins*, 37 Ark., 110. The decision in those cases was placed upon the language of the act, to-wit : That "such warrants, irrespective of their number and date, should be received in payment of taxes and dues to the county." And in the case of *Daniel* v. *Askew* it was remarked by the court that the law provided two modes for the payments of warrants ; the first, out of any money in the treasury not otherwise appropriated, and the second, in payment of taxes and dues to the county.

It will be observed that the provision that they shall be received, irrespective of date and number, applies to the latter mode only, and does not by its terms extend to the mode provided by payment of money out of the treasury. This case is therefore not within the reason that controlled in the cases cited ; and if the statute of limitations does not apply, a reason for the exception must be found elsewhere. There is nothing in the act that suggests to us a reason for such exception. None has been pointed out by counsel, and we think that none exists.

We are not willing to disturb the rule in so far as it is announced in the cases cited ; but it may be seriously doubted whether the legislature ever intended to require county officers to receive in payment of taxes and dues to the county warrants against which the statutes had fully run. The provision that warrants should be received in payment of taxes and dues to the county comes from the revised statutes (Rev. St., chap. 41, sec. 33); but the provision that they should be received, irrespective of date and number, was

first enacted in 1851. This is a part of an act which provided that warrants should be paid in the order of their number, and that no warrants should be paid until all of a prior date had been paid or provided for. Gantt's Dig., chap. 147, sec. 55. Then followed the provision that all county warrants, irrespective of date and number, should be received in payment of taxes and dues to the county. *Id.*, sec. 56. Its manifest purpose was to provide that warrants should be received in payment of taxes and dues to the county, even though there were prior warrants not paid nor provided for. It was designed to make the date of a warrant, in so far as it was later than others, immaterial when it was offered in payment of taxes and dues—nothing more. It is not probable that the legislature had in mind or intended to save warrants from the bar of limitation. And when the provision is relied on as authorizing the payment of such taxes and dues in warrants otherwise barred, the conclusion is inevitable that it is given a more extended operation than its authors contemplated. We say this much, not to shake the rule now fixed, but as a reason for declining to extend it to cases not clearly within it.

The five years statute applies in this case. The law does not require or authorize the issuance of warrants under seal, and the clerk could not, after drawing them as the law directs, add to their dignity or effect by the unauthorized affixing of the seal. As warrants are payable on demand, the statute begins to run from the date of their delivery. Our views are sustained by the rule of the circuit court of the United States of this district, as announced by Judge Caldwell, upon a consideration of all the authorities, in a very clear and satisfactory opinion. *Goldman* v. *Conway Co.,* 10 Fed. Rep., 888.

2. Limitation as to warrants under seal.

If it be conceded that the warrants in suit were renewed when they were called in and reissued, that could not avail the petitioner, for the statute would begin to run from the date of the reissue, and the bar would have been complete when this action was commenced. As the warrants were

On page 171, top line, for "1851" read *1846;* and, in fourth line from top, for "Gantt's" read *Gould's.*

barred by limitation, it is unnecessary to consider the questions argued as regards the effect of the proceeding in the county court in 1884, calling in outstanding warrants for reissue or cancellation.

Affirm.