ARTHUR B. CODY *et al.*

*v.*

THE TOWN OF CICERO.

*Opinion filed June 16, 1903.*

1. SPECIAL ASSESSMENTS—*what not essential to petition for supplemental assessment.* A petition for a supplemental assessment, filed under section 59 of the Local Improvement act of 1897, (Laws of 1897, p. 121,) need not contain a statement of the cost of the original improvement, the amount collected and expended under the original assessment and the amount of the deficit.

2. SAME—*city authorities presumed to have furnished commissioners with correct data.* It will be presumed, until the contrary is shown, that the board of trustees, in a proceeding to levy a supplemental special assessment, furnished the commissioners with correct data for making their estimate of the deficiency under the original assessment.

3. SAME—*city not required to make accounting on supplemental assessment.* In a proceeding to levy a supplemental assessment under

section 59 of the act of 1897, the city cannot be required to make an accounting with reference to the original assessment.

4. SAME—*supplemental assessment not barred by Statute of Limitations.* The provision of section 60 of the act of 1897, authorizing a city, within five years from the confirmation of an assessment, to levy a new assessment against property upon which the city has failed to collect the assessment, has no application to a proceeding to levy a supplemental assessment.

5. SAME—*what does not show that improvement has been fully paid for.* Testimony by one of the contractors upon the improvement that he had received warrants to the full amount of his work and sold them and received the money, does not tend to show that the amount levied by the original assessment was sufficient to cover the cost of the improvement, including outside items.

6. SAME—*former judgment not res judicata upon question of benefits.* Under section 59 of the act of 1897 it is no objection to a supplemental assessment that the original assessment has been adjudicated and collected, unless it shall appear that in the original case, upon proper issue made, it was specifically found, in terms, that the property objected for would be benefited no more than was originally assessed against it.

7. SAME—*when propositions of law are properly refused.* Propositions of law holding that the supplemental assessment was barred by limitation and that the original judgment of confirmation was *res judicata* upon the.question of benefits are properly refused by the court when offered at the hearing by the court, a jury being waived, upon the question of benefits.

APPEAL from the County Court of Cook county; the Hon. W. T. HODSON, Judge, presiding.

CODY & WOODLE, WALPOLE WOOD, and FREDERICK PEAKE, for appellants.

GEORGE W. WOODBURY, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This appeal is brought to reverse a judgment of the county court of Cook county confirming a supplemental special assessment of the town of Cicero No. 648, for an alleged deficiency of the special assessment of the town of Cicero No. 312, originally levied for the improvement of certain streets in that town. In the original assessment no objections were filed, and that assessment was

confirmed by an order of default on the 12th day of April, 1893. This supplemental assessment was not ordered by the board of trustees of the town until the 31st day of July, 1899,—more than six years after the confirmation of the original assessment.

The petition contained a certified copy of the ordinance for the supplemental assessment and a certified copy of the estimate of deficiency, as made by the commissioners. There were about thirty objectors, who objected for more than that number of lots and filed from thirty to sixty objections each. It is not necessary to set them out, as the purport of such as are relied on will appear from the consideration of the case as we proceed. The court heard the preliminary objections and overruled them, and a jury was waived and a trial before the court, sitting as a jury, was had upon the question of the extent of benefits to the property assessed. The court, after the hearing, which was unnecessarily prolonged and which resulted in an immense record, prolix in useless and inapplicable matter, confirmed the assessment.

The matters considered by this appeal will be taken up in the order in which they are presented by appellants in their brief. Their first proposition is, "the petition is fatally defective and discloses no right to levy this further assessment." The particular point made under this heading is: "It is nowhere averred in the petition, nor recited in the ordinance, nor set forth in any of the proceedings, what the total cost of the improvement was nor what the amount was that was assessed or collected under Cicero special No. 312. There are no averments from which the court can determine, if the statements of the petition be taken as true, that the first assessment proved insufficient for the public improvement for which it was levied."

The ordinance in question was passed under authority of section 59 of chapter 24, (Hurd's Stat. 1899, p. 374,) and after reciting the original ordinance of April 30, 1892,

under which the local improvements were made and re-
ferred to in the briefs and ordinances as special assess-
ment No. 312, and after setting out the proceedings of
the court as to the levy and collection of the original
assessment and the making of the estimate of the cost
thereof, contains the following: "That said estimate and
said assessment, as so confirmed, has proved insufficient,
in that the cost of said improvement, including labor, ma-
terials and all other expenses attending the same, and
the cost of making and levying the assessment, exceeds
the said estimated cost thereof as assessed, made and
reported to said board and so assessed and confirmed;
that it is necessary to levy a second assessment to real-
ize moneys which, together with the amount of said first
assessment, shall be sufficient to pay for said public
improvement, including labor, materials and all other
expenses attending the same, and the cost of making and
levying the assessment provided for by said ordinance
therein above recited, and also the cost of making and
levying the assessment hereinafter provided for." The
ordinance then with sufficient particularity provides for
the levy of the assessment in question, to be paid in one
installment or payment, and the appointing of commis-
sioners to make an estimate of the additional amount
of moneys necessary to be realized. The commissioners
reported that they had carefully examined the subject,
and estimated the amount necessary to be realized,—
which, together with the amount of the former assess-
ment, should be sufficient to pay for the improvement
and the expenses attending the same, and the costs and
expenses of levying the assessment under the first ordi-
nance and the costs and expenses of levying the assess-
ment under the ordinance in question,—at $1500. The
report of the commissioners was approved by the board
of trustees, and the city attorney was directed to file a
petition for the assessment. With the petition the city
attorney filed a copy of the ordinance and a copy of the

report of the commissioners making the estimate, and made the same a part of his petition.

Appellants argue that the petition is insufficient because it did not contain a statement of the cost of the improvement, the amount of money collected under the original proceeding, the amount expended for the improvement and the amount of deficit or insufficiency. The statute contains no such requirement, and says that the assessment shall be made in the same manner, as near as may be, as was the first or original assessment. In the original assessment the estimate of costs necessarily referred to excavations, fillings, material, catch-basins, and sundry items that would not and could not arise where the work had been completed and the ordinance was simply to authorize the levy of a deficiency. The deficiency, and the costs of levying the same, were the only matters that required any estimate on the part of the second commission. The proceedings were instigated and carried on by the board of village or town trustees, who were the constituted authorities of the town, in the discharge of their official duties and under their official oath. Section 37 of the same act, relating to the petition under the original ordinance, provides, as to the petition: "There shall be attached to or filed with such petition a copy of the said ordinance, certified by the clerk, under corporate seal; also a copy of the recommendation of the board of local improvements, and of the estimate of the cost, as approved by the legislative body." If the procedure, then, under section 59 is to be the same, as near as may be, as the original procedure, we can see no reason for adding the additional requirement that there shall be a general accounting made in the ordinance or petition for the supplemental assessment. This board of trustees must be presumed to have furnished the commissioners who made the estimate the proper information and data which were in the possession and under the control of the municipal au-

thorities, upon which to make the estimate, and the presumption will be indulged, until fraud or the contrary is shown, that they honestly and fairly discharged that duty and that the estimate was made upon the proper information. This same objection was urged in *Adcock* v. *City of Chicago*, 172 Ill. 24, and was there held adversely to the contention of appellants.

During the preliminary hearing upon the objections appellants moved the court to require the village trustees to come into court and make an accounting showing the matters as set forth in their above petition,—that is, that they should come in and show how much was collected under the first assessment, how much the cost of the improvement actually was, and the expenses thereof, and how much remained unpaid, and of what it consisted. This the court declined to do. Appellants then sought, by writ of *subpœna duces tecum*, to have the clerk present the books and accounts relating to this improvement and have the court hear testimony upon the question of the accounting, but as the office of clerk had recently changed hands and the books and papers had been moved from one part of the village to another, the clerk was unable to produce them, and appellants now insist that the court committed error in refusing to require an accounting, and also erred in similar manner in not helping them to get the books and papers that they wanted, belonging to the city, to make the showing. This same proposition has been twice before the court, and in each case and each time we have held that in such proceeding the village or city could not be required to make an accounting. (*People* v. *McWethy*, 177 Ill. 334; *Connecticut Mutual Life Ins. Co.* v. *People*, 172 id. 31.) It was not the business of the court to furnish evidence to the appellants to make their case. The court gave them, as often as requested, its processes, and at no time denied them any assistance it was its duty to give or any right to which they were entitled.

The particular section under which this assessment was made, provides that "if too large a sum shall at any time be raised, the excess shall be refunded ratably to those against whom the assessment was made." The legislature doubtless thought that this provision was a protection against assessments the exact amount of which can seldom be determined or estimated until collected and paid.

The next contention is, that the passage of the ordinance and the levy of the assessment in question were barred by the Statute of Limitations. No case holding that the general or any special statute of limitations applies to this class of levies is cited, and we think none can be found. The following section (60) of the same act provides for a new assessment against delinquents, where there is a deficiency because of a partial failure to pay the special assessment or tax, which may be levied at any time within five years after the confirmation of the original assessment, and also contains the provision that if the new assessment, which would bear a relation somewhat similar to the assessment now being levied under the proceedings at bar, should prove ineffectual, in whole or in part, a third assessment might be levied. But these sections are entirely distinct and are applicable to entirely different conditions. The one authorizing the proceeding at bar presumes the original assessment to have been collected, but that it was insufficient because of an under-estimate; the other (60), containing the provision with reference to the Statute of Limitations, applies to cases where for some cause the assessment as levied was not collected, as, for instance, a portion of the property may have been assessed for more than it was benefited, as was the case in *People* v. *McWethy, supra.* But there is nothing in one section that has any such relation to the other that we can say that the limitation provided in section 60 can have any application to proceedings under section 59. The sections of the statute referred to by

appellants are 47 and 48 of the act as published in Starr & Curtis, but to preserve uniformity we are taking the numbering as published by Hurd.

It is further said that if this section does not apply, then this proceeding ought to be barred because the original ordinance was passed in 1892 and the work done in 1893, and that the ordinance in question was not passed until six years after the first. Looking to the original ordinance we observe that twenty-five per cent of the cost of the work was collected in one assessment or installment and that the remainder of the cost was divided into four annual installments, and it would seem that the delay was not so great as is contended.

It is next contended that the evidence shows that the improvement had been fully paid for. One of the contractors was put upon the stand and testified that he received warrants to the full amount of his work and had sold them to other parties and received the money, and from that it is argued that the evidence shows that the improvement was fully paid. This seems to be rather a narrow view of the case. It wholly ignores all other items of cost except the cost of the work itself, when it is amply known to everybody that in the prosecution of such improvements, (the one in this case costing, by the first estimate, nearly $22,000,) the preliminary surveys and specifications and the collection of the assessments all involve expense and the annual installments each bear six per cent interest. The mere issuing of the warrants for the work done was no evidence that they had been paid or that there were sufficient funds with which to pay them, and, at all events, did not even tend to show that the items, outside of the item of work, which should necessarily be considered in determining the whole cost, were paid.

A jury was waived upon the question of benefits and the trial was had before the court, and the court, having heard a number of witnesses, confirmed the assessment.

We have examined the evidence and think the finding of the court was correct. Appellants offered the original judgment and insisted that that formed the basis for the new assessment, and that as to the question of benefits it was *res judicata*, and in support of that contention cited *Greeley* v. *Town of Cicero*, 148 Ill. 632, and *Wickett* v. *Town of Cicero*, 152 id. 575. Appellants have apparently overlooked the wording of the section of the statute under which this proceeding is authorized. That section, among other things, provides: "It shall be no objection to such assessment that the prior assessment has been levied, adjudicated and collected, unless it shall appear that in such prior cause, upon proper issue made, it was specifically found, in terms, that the property objected for would be benefited by said improvement no more than the amount assessed against it in such prior proceedings." The cases cited above are to that effect, but neither they nor the statute helps appellants. The former assessment was affirmed without objection on the part of anybody, and without any hearing, except the formal hearing usual in default cases, and there was not, and could not be, any special finding, "in terms," that the property of the objectors was in that proceeding assessed all or more than it was benefited.

A large number of lots,—in fact, a majority of the lots included in the original assessment under the first ordinance,—were not assessed under the second ordinance. Appellants offered no evidence to show that the lots not assessed were benefited more than they had paid under the first assessment, or that they should have been assessed under the second, other than the assessment roll under the first ordinance and the assessment roll under the second ordinance, and, as has been said, insisted that the judgment under the first ordinance was *res judicata* of the ratio of benefits to all the property under the second ordinance, and they say: "This is not a mere matter of fact depending upon the testimony or opinions of

witnesses as to the amount of benefits to the property because of the improvement. The disproportion appears at once on the face of the proceedings, upon the receiving in evidence of the old assessment roll." No proposition of law relative to this question was presented by appellants and asked to be held by the court, and the matter might well be disposed of by saying that there is nothing before this court to consider. The court, sitting as a jury when the jury was waived, had before it two matters to consider: First, that the property of appellants was assessed more than it was benefited; and second, that, it was assessed more than its proportionate share of the cost of such improvement. Under this latter branch it would have been proper for appellants to show, if they could, that the property not assessed ought to have been. They might have shown that in the first or original assessment the omitted property was not assessed to the full amount of its benefits, and that therefore the failure to assess it in the second assessment caused the property of appellants to pay more than its proportionate cost of the deficiency. The court properly remarked that without any evidence upon the subject he was powerless to consider it, but must indulge the presumption that the commissioners who had levied the assessment and examined the property had honestly and fairly, and according to law, discharged the duties of their office. Upon the question as to the property of appellants being assessed more than it was benefited, the evidence offered on both sides was confined to the property that was in fact assessed, and the very clear and strong preponderance of that evidence was that appellants' property was not assessed more than it was benefited.

Upon the hearing before the court, as a jury, appellants offered three propositions of law and asked the court to mark them "refused" or "given," which the court declined to do. The first and second propositions were,

that the second assessment was barred by the five year statute of limitations. The third was, that the judgment of confirmation under the first or original assessment was *res judicata* of the proportion of the benefits of all the property in the district and controlled in the levying of the second assessment for the deficiency, under the proceedings at bar. These propositions of law had no place in that proceeding. Section 41 of the Practice act, requiring the court to pass upon and mark "refused" or "held" propositions of law, only applies to that class of cases where the parties are entitled to a jury trial and waive such right. (*Martin* v. *Martin*, 170 Ill. 18; *Wackerle* v. *People*, 168 id. 250.) The court, in the consideration of special assessments, on application for their confirmation, in contemplation of law has two distinct sittings, as provided for in sections 48 and 49 of chapter 24. (Hurd's Stat. 1899, p. 373.) At the first sitting the court sits and hears, in a summary manner, all matters of objection, "except the objection that the property of the objector will not be benefited to the amount assessed against it, and that said property is assessed more than its proportionate share of the cost of such improvement." (Sec. 48.) At the second sitting the law contemplates a jury, and especially provides for one unless waived, and the matters in the quotation above, as the exception to section 48, are the only matters that are to be considered at that hearing,—that is, relative to the extent of benefits to the property and its proportionate share. The holdings offered to the court applied to such matters as appertain to the hearing under section 48, when appellants were not entitled to have a jury trial, and did not apply to the question of benefits, or the proportionate share thereof, as applied to section 49, when the court was sitting as a jury. There was no error in the refusal of the court to consider the propositions offered.

The judgment of the county court of Cook county was correct, and is affirmed.        *Judgment affirmed.*