**First Trust and Savings Bank, Executor of the Last Will and Testament of James A. Murphy, Deceased, Defendant in Error, v. City of Park Ridge et al., Plaintiffs in Error.**

### Gen. No. 30,851.

1. APPEAL AND ERROR—*status of Appellate Court decision after reversal on one point without consideration of others.* Reversal of the decision of the Appellate Court by the Supreme Court on one point in a case does not reverse on other points not considered by the Supreme Court.

First Trust & Sav. Bank v. City of Park Ridge, 242 Ill. App. 574.

2. MUNICIPAL CORPORATIONS—*institution of suit upon assessment bond as equivalent to demand for collection of unpaid instalments.* Institution of suit by owner of city assessment bonds to get judgment on the city's indebtedness does not constitute a required demand of the city for collection of unpaid instalments by making appropriation bills and tax levy ordinances.

3. EVIDENCE—*conditions upon admissibility of carbon copy of letter.* Carbon copy of a letter is not competent evidence without proof that the original was duly stamped and mailed or actually received.

4. MANDAMUS—*demand for performance of duty as prerequisite to right to writ.* Demand that city collect unpaid instalments on assessment bonds must be made before action to compel such collection by mandamus is commenced.

5. MANDAMUS—*application of 5-year limitation to proceeding to enforce private right against city.* Mandamus to enforce the private right to a collection by the city of instalments on assessment bonds for their private owner is subject to the 5-Year Statute of Limitations, Cahill's St. ch. 83, ¶ 16.

Error by defendants to the Circuit Court of Cook county; the Hon. PHILIP L. SULLIVAN, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1926. Reversed and remanded. Opinion filed December 21, 1926. Rehearing denied January 4, 1927.

F. WM. KRAFT, for plaintiffs in error.

GEORGE A. MASON, for defendant in error; HENRY B. MASON and HENRY E. MASON, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an appeal from a judgment awarding a writ of mandamus against the City of Park Ridge, and certain persons who were officers thereof at the time the petition was filed, and also their successors, commanding them to proceed to cause to be collected certain unpaid instalments of a special assessment and to provide for the same in appropriation bills and tax levy ordinances.

The case comes here for a second time. On the first appeal we affirmed the judgment of the lower court awarding the writ (see 219 Ill. App. 651, not published in full). On appeal to the Supreme Court the judgment was reversed and the cause remanded in 298 Ill. 66, to which reference is made for a full statement of the questions considered and decided. The ground of reversal was the failure of petitioner to allege a demand on defendants for the performance of the alleged duties sought to be enforced in the proceeding, which the court held was necessary to be averred and proven. After the cause was redocketed petitioner filed an amendment to the petition setting up the making of such a demand, and adding, as defendants, the officials of said City who had in the interim succeeded to those named in the original petition. Each set of officials filed their joint and several answers to the amended petition. The answers are alike as to the first thirteen paragraphs, a fourteenth paragraph, which presents no issue of fact but is mere argument, being added to the answer of the new officials. Demurrers were filed and sustained to most of the paragraphs of the answer, including one pleading the 5-Year Statute of Limitations [Cahill's St. ch. 83], and issues were taken and tried as to the others, including the averments of demand, the findings on which were for petitioner.

The only new issues brought into the case on remandment were the alleged fact of demand and refusal, and whether the 5-Year Statute of Limitations pleaded did not bar the cause of action. Except as to them, the assignments of error present practically the same questions as were before us on the former appeal and before the Supreme Court. The Supreme Court expressly decided only three of the points argued, holding as to them respectively that the petition should aver a demand upon defendants to perform their alleged duty with respect to the matters sought

First Trust & Sav. Bank v. City of Park Ridge, 242 Ill. App. 574.

to be enforced and a refusal to perform, and, as held by this court, that demurrers to the paragraphs pleading laches and the 10-Year Statute of Limitations were properly sustained by the trial court.

It is claimed, however, by defendant in error that all other questions raised on said demurrers, though not discussed or expressly decided by the Supreme Court, are not open for consideration upon similar or like assignments of error presenting them again, claiming that the former judgment of the Supreme Court is *res adjudicata* upon all such questions. It will be noted that the Supreme Court expressly stated that it did not consider other points argued than those expressly passed on, and except as to them we do not think the doctrine invoked is applicable. While we passed on such other points the Supreme Court did not, directly or impliedly, and we do not think it can properly be said that the reversal of our judgment, on the single question of the necessity of a demand, can be construed as a reversal also on unrelated subjects not considered by the Supreme Court. On remandment and new pleadings, we think the case was open to a renewal of claims made here and in the Supreme Court that were not considered by the latter or covered in its order. So far as we passed on those points, we are disposed to adhere to our rulings on them, and therefore will not reconsider them, but shall consider only the new points raised, namely, as to the sufficiency of the proof of alleged demand and as to the plea of the 5-Year Statute of Limitations.

The amended petition alleges demands were made June 11, 1912, January 16, 1917, and May 3, 1922. The first of these alleged demands consisted of the institution of a suit by James A. Murphy against the City of Park Ridge in 1912 for money due on special assessment bonds, of which he claimed to be the owner, issued under the ordinance for the special assessment in question, in which the City appeared and filed a plea claim-

578 APPELLATE COURTS OF ILLINOIS.

First Trust & Sav. Bank v. City of Park Ridge, 242 Ill. App. 574.

ing that it was not indebted thereon. We cannot regard proof of the institution of such suit for a judgment on the city's indebtedness as tantamount to a required demand for the collection of the unpaid instalments on the assessment, and that it make the necessary appropriation bills and tax levy ordinances to meet it.

Proof of the second alleged demand consisted of a carbon copy of a letter addressed by Murphy's attorney to the mayor and city council of the City of Park Ridge, January 16, 1917. But there was no adequate proof that the original was ever sent to the parties addressed either by mail or otherwise. The only testimony on the subject was given by the attorney who wrote the letter, to the effect that he did not recall whether he mailed it or whether his stenographer put it in the mail "in the regular course of business," and that his best recollection was that the letter was not mailed by him. No proof was adduced, however, that it was mailed by anybody else. The proof submitted amounted to mere conjecture. Without proof that the letter was duly stamped and actually mailed, or that the original letter was actually received, the carbon copy was not competent evidence, and had no tendency to prove a demand.

The third demand referred to was made after the case was remanded, too late to be efficacious. As indicated by the Supreme Court decision, a demand and refusal to perform constitute essential elements of the cause of action. Unless they were present when the action was brought it was prematurely begun. There was, therefore, no sufficient proof of a demand.

And we think the demurrer to the plea of the 5-Year Statute of Limitations was improperly sustained. While in its decision the Supreme Court said that "the only Statute of Limitations, if any was applicable, was the five-year limitation," it did not undertake to decide the question, holding that it was not properly pre-

served for review. It did decide, however, that the proceeding is one to enforce a private right, and in *People v. Town of Oran*, 121 Ill. 650, where a petition for mandamus was filed to enforce a private right and the 5-Year Statute of Limitations was pleaded, the court held "no public interest being involved, the Statute of Limitations might properly be pleaded." We deem this ruling conclusive of the question and therefore the demurrer to said plea was improperly sustained. The case of *Shepard v. People*, 200 Ill. 508, cited by defendant in error, holding that the application for judgment of sale for a delinquent special assessment is not a "civil action not otherwise provided for" within the meaning of section 15 of the Limitation Act [Cahill's St. ch. 83, ¶ 16], requiring such actions to be begun within five years, has no application to an action of mandamus.

Whether on the facts presented any other remedy is open to petitioner in case he is barred by the statute is not within our province to discuss. For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

GRIDLEY, P. J., and FITCH, J., concur.