BOONE COUNTY *v.* SKINNER-KENNEDY STATIONERY
COMPANY.

4-3951

Opinion delivered September 30, 1935.

*Robert B. Gaston,* for appellant.

*J. M. Shinn,* for appellee.

SMITH, J. Appellee filed a claim against Boone County on February 14, 1930, which does not appear to have been passed upon until January 4, 1932, at which time it was disallowed by the county court. An indorsement on the claim indicates that this action of the county court was taken "On account of no funds." The claim was for supplies furnished the county in the years 1925 to 1930, inclusive. On appeal to the circuit court the claim was allowed in full.

It is now insisted that, so much of the claim as covered supplies furnished during the years 1925 and 1926, was barred by the statute of limitations at the time it was filed. "That the statute of limitations runs in favor of counties against their ordinary indebtedness is the rule in this State." *Crudup* v. *Ramsey,* 54 Ark. 168, 15 S. W. 458.

In answer to this insistence, it is said that the record fails to disclose that the county pleaded the statute of limitations at the trial from which this appeal comes. But it is to be remembered that there were no pleadings in this case except the statement of the account itself. No pleadings were required on the part of the county, and none were filed. It appears, from the face of the account itself, that the statute had run against the items sold to the county during the years 1925 and 1926. It was not a running account; there were no credits whatever on it.

It was held in the early case of *McGehee* v. *Blackwell*, 28 Ark. 27, that; if the complaint shows on its face that the action is barred, the defense of limitations may be set up either by demurrer or answer; but, if the complaint shows on its face that the cause of action is not barred, when in fact it is barred, the defense can be made only by way of answer. That practice has been reaffirmed and followed in all such cases which have since arisen.

It is uniformly held that the defense of the statute of limitations is waived unless pleaded, and that limitations must be pleaded by demurrer or answer. *Shirey* v. *Clark*, 72 Ark. 539, 81 S. W. 1057.

But, as has been said, there were no written pleadings in this case, and none were required, and our attention is now called to the account which forms the basis of the action, from the face of which it appears that a portion thereof is barred by the statute of limitations.

We hold therefore that so much of the account as covers items furnished to the county during the years 1925 and 1926 is barred by the statute of limitations, and that there can be no recovery except for the items furnished thereafter.

It is insisted on behalf of the county that there can be no recovery for any part of the account, for the reason that it was not made to appear that the account could be paid without exceeding the revenues of the county in the respective years during which the items were furnished. Our attention is called to the judgment of the county court, which disallowed the account in its entirety "On account of no funds," but on the appeal to the cir-

cuit court the cause was tried *de novo,* and the defense that the account could not be paid without violating the 10th Amendment to the Constitution was an affirmative defense, to sustain which no testimony was offered. The finding of the county court, even though sustained by the testimony, that the account was not paid through lack of funds, would not defeat the allowance of the claim if it were otherwise proper to allow it. The 10th Amendment does not require that the counties pay in cash. They may make valid contracts, even though they have no cash. The inhibition of the amendment is against incurring obligations in a fiscal year in excess of the revenues of that year. A county may therefore incur obligations which cannot be paid in cash, because the county has no cash in its treasury, provided the total obligations incurred are not in excess of total revenues received in that fiscal year. *Miller* v. *State use Woodruff County,* 176 Ark. 889, 1 S. W. (2d) 998.

The judgment of the circuit court will therefore be affirmed except as to the items furnished during the years 1925 and 1926, which appear from the face of the account itself to be barred. As thus modified, the judgment will be affirmed. It is so ordered.

McHANEY and BUTLER, JJ., dissent from the modification.