## Carmine Roberts, Appellee, v. Village of Lyons et al. Village of Lyons, Appellant.

### Gen. No. 41,197.

Opinion filed November 4, 1940.   Rehearing denied November 18, 1940.

JESMER and JESMER, of Chicago, for appellant; JULIUS JESMER and CHESTER L. HARRIS, of Chicago, of counsel.

MARKMAN, DONOVAN & SULLIVAN, of Chicago, for appellee; JOHN A. O'NEIL, of Chicago, of counsel.

Mr. Justice Matchett delivered the opinion of the court.

May 18, 1926, the Village of Lyons passed an ordinance for the construction of water mains and June 1, another ordinance requiring the construction of sewers in certain streets of the village. The village then began proceedings by filing in the county court petitions for special assessments to be levied to provide for the payment of the cost of these improvements, as provided by the Local Improvements Act (Laws of 1897, p. 102, Ill. Rev. Stat. 1939, ch. 24, §§ 698–808, pp. 547–577 [Jones Ill. Stats. Ann. 76.003–76.122]). The first proceeding was designated No. 66 and the second No. 67. The assessments were confirmed.

Afterward, on August 31, 1926, the village entered into contracts with plaintiff for the construction of these improvements. Under the terms of the contracts plaintiff was to be paid in special assessment bonds payable out of special assessments levied. The work under both contracts was completed and December 5, 1930, respondent filed final certificates as required by section 84 of the Local Improvements Act. In proceeding No. 66, the certificate showed a deficiency of $27,757.60; in No. 67, a deficiency of $10,175.26. The certificates also showed each deficiency arose because the total cost of the improvement exceeded the amount of the assessments assessed and confirmed for that purpose. Notice was given and a hearing was held in the county court on these certificates, January 30, 1931. In each proceeding the facts stated in the certificate were found to be true. In each case the total cost of the improvement was determined and it was directed by order that no part of the assessment should be rebated and the original assessment "as confirmed stand adjudicated." In each case it was also "ordered and adjudged" that the village levy a supplemental assessment to pay the deficiency as provided by section 59 of the Local Improvements Act. On December 5, 1938, plaintiff, the contractor,

filed a petition for mandamus against the village in the superior court. The petition alleges repeated demands on the village and the Board of Local Improvements to levy these assessments; that they refused so to do. The matter was heard on the petition as amended and the answer, and judgment was granted as prayed. The village appeals.

It is argued the county court had exclusive jurisdiction to enforce its own orders and that plaintiff's remedy, if any, was by application to that court for this purpose. 15 C. J., p. 1140, § 591; *Weiland v. Reorganized Catlin Consol. Canal Co.,* 61 Colo. 125, and cases from jurisdictions other than Illinois are cited. Section 9 of the Mandamus statute (Ill. Rev. Stat. 1939, ch. 87 [Jones Ill. Stats. Ann. 109.433]) provides in substance that proceedings for mandamus shall not be dismissed nor the writ denied because the petitioner may have another specific remedy. This section has been construed in *People ex rel. Baird & Warner v. Lindheimer,* 370 Ill. 424, which holds that the fact a plaintiff has another remedy does not bar mandamus.

It is next contended that the county court was without jurisdiction to enter the orders of January 30, 1931, and that these orders are therefore void. It is true, as pointed out, that the county court is of limited jurisdiction. (Constitution of Illinois, 1870, Art. 6, § 18; Ill. Rev. Stat. 1939, ch. 27, § 175 [Jones Ill. Stats. Ann. 36.161]; *Newcomb v. County of Champaign,* 145 Ill. App. 561.) However, sections 59 and 84 of the Local Improvements statute confer power and jurisdiction on the county court to conduct proceedings and to enter orders such as those upon which the petition was based, and these sections have been held to be constitutional in *People v. Martin,* 243 Ill. 284; *White v. City of Ottawa,* 318 Ill. 463; *Material Service Co. v. Village of Elmwood Park,* 355 Ill. 558, 189 N. E. 872. It is said there is no provision in the Local Improvements Act giving the county court jurisdiction to compel the levy

of supplemental assessments; that the provisions of the act should be strictly construed and *Monahan v. City of Wilmington,* 328 Ill. 242, is relied on. Whether the statute grants to the county court specific power to compel a village to levy such assessments we need not decide. Section 59 of the Local Improvements Act authorizes proceedings such as were here taken and the entry of the orders of the kind that were entered in this matter. The contention that the petition is based on the order of the county court which purported to direct the levy of a supplemental assessment is untenable. The petition is based on section 59 of the Local Improvements Act and not on the order of the county court. The courts have repeatedly approved the protection of such rights by mandamus. *People ex rel. Talbot Paving Co. v. City of Pontiac,* 185 Ill. 437, 444 and *Farrell v. City of Chicago,* 198 Ill. 558, 560.

It is next urged that the suit is one to enforce a private right and the action is therefore barred by section 15 of the Limitations Act (Ill. Rev. Stat. 1939, ch. 83, par. 16, p. 1995 [Jones Ill. Stats. Ann. 107.275]). In support of this contention defendant cites *First Trust & Savings Bank v. City of Park Ridge,* 242 Ill. App. 574 and *Murphy v. City of Park Ridge,* 298 Ill. 66. The opinions referred to consider the same case. There Murphy, the owner of special assessment bonds, asked a mandamus against the city and its officials to compel the collection of unpaid instalments and to levy and appropriate for sums which had been assessed against the city as public benefits. It was objected the petitioner could not recover because no demand was made and because the action was barred by the 10-year statute of limitations. The Supreme Court held a demand was necessary because the act sought to be coerced affected a private as distinguished from a public interest. The court said by way of dictum only:

"The only statute of limitations, *if any was applicable,* was the five-year limitation."

The cause was remanded for retrial and plaintiff failed to show a demand was made on the city. Defendant also raised the defense of the 5-year statute of limitations. The Appellate Court upon review said the Supreme Court had not undertaken to decide the question, holding that it was not before it for review. However, on the authority of *People v. Town of Oran,* 121 Ill. 650, it was held the 5-year statute of limitations might properly be pleaded. The cases are clearly distinguishable from this in that the particular suit was not based on either sections 59 or 84 of the Local Improvements Act.

In *Cody v. Town of Cicero,* 203 Ill. 322, the Supreme Court had before it a proceeding for a supplemental assessment based on section 59 of the Local Improvements Act of 1897 (Laws of 1897, p. 121), where it was sought to levy a supplemental assessment to pay a deficiency. Property owners filed objections and urged as a defense that more than six years had expired from the time the original assessment was confirmed. The Supreme Court held the statute was inapplicable, saying:

"No case holding that the general or any special statute of limitations applies to this class of levies is cited, and we think none can be found."

The case differed from this only in that the town instituted the proceedings in the county court and the property owners objected, while here the objection is raised by the village.

We have examined the briefs in *First Trust & Savings Bank v. City of Park Ridge,* 242 Ill. App. 574, and find that *Cody v. Town of Cicero,* 203 Ill. 322, was not called to the attention of the court. If it had, we think the decision would have been different.

The judgment will be affirmed.

*Judgment affirmed.*

O'Connor, P. J., and McSurely, J., concur.