People of State of Illinois ex rel. James A. Fox et al., Appellees, v. Robert J. Dunham, President, Chicago Park District et al., Appellants.

Gen. No. 43,342.

Heard in the first division of this court for the first district at the February term, 1945. Opinion filed October 15, 1945. Rehearing denied October 30, 1945. Released for publication October 30, 1945.

JOHN O. REES, of Chicago, for appellants; MARTIN G. LOEFF, of Chicago, of counsel.

MICHAEL F. RYAN, of Chicago, for appellees.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

Defendants appeal from an order entered November 8, 1944, awarding a writ of mandamus. The complaint was filed by Fox et al., August 7, 1942. September 18, thereafter, four intervenors, claiming a like denial of similar rights, petitioned and were allowed to become coplaintiffs. There was a motion to strike answers, replications and rejoinders. The cause was put at issue. Evidence was taken and the writ awarded. The record is voluminous, about 4,000 pages. The briefs make many points and cite nearly 100 cases.

The material facts are few and practically uncontradicted. Defendants are the officials of the Chicago Park District. It came into existence May 1, 1934, the result of the consolidation of 22 independent park districts in Chicago, whose existence was merged in that of the Chicago Park District. Three of these independent districts were operating under the Park Civil Service Act (Ill. Rev. Stat. 1943, ch. 24½, par. 86a) [Jones Ill. Stats. Ann. 23.089(1)]. The other independent districts were not operating under that law.

At the time of the consolidation five of the plaintiffs (Fox, Kling, Newman, Lee and Fitzgerald) were temporary employees of one of the civil service park districts. The other plaintiffs were employees of the non-civil service park districts. All the plaintiffs

claim they were entitled to the status of civil service employees under the Park Civil Service Act by virtue of Ill. Rev. Stat. 1943, sec. 14, ch. 105, par. 333.14 [Jones Ill. Stats. Ann. 96.564].

The plaintiffs claim that *People ex rel. Kelly v. Dunham,* 313 Ill. App. 18, is decisive of this case. We there considered these statutes and held that the employees of the non-civil service independent park districts at the time of the consolidation became entitled to recognition by the Chicago Park District as civil service employees. The Statute of Limitations was not pleaded there by the defendants, and the facts as to the issue of laches were entirely different. By the terms of the consolidation statute the Chicago Park District was to become effective May 1, 1934. The validity of the Act was apparently deemed doubtful by all parties. It was determined to be legal and valid by a decision of the Supreme Court in *People v. Kelly,* 357 Ill. 408. The opinion in that case (by a divided court) was filed in the Supreme Court August 23, 1934; rehearing was denied October 11, 1934. Up to about November 15 of that year the independent parks continued to operate, apparently with the co-operation, in part, and consent of the Chicago park commissioners and the acquiescence of everybody.

From the commencement of their administration of the park district the commissioners and its civil service board have contended plaintiffs were not entitled to the status of civil service employees under the statute.

This suit, as already stated, was not filed until August 7, 1942. Defendants contend (and in the trial court pleaded as a defense) that the actions were barred by the Statute of Limitations and by laches of the plaintiffs. These are, we hold, the controlling questions in this case. This suit was filed more than eight years after November 1934, when the cause of action of plaintiffs and intervenors accrued.

The Statute of Limitations (Ill. Rev. Stat., 1943, ch. 83, par. 16, § 15 [Jones Ill. Stats. Ann. 107.275]) provides:

"All civil actions not otherwise provided for shall be commenced within five years next after the cause of action accrued."

Other sections of the statute provide that if a person is out of the State this action may be commenced within the time limited after his coming into or return to the State, and that if after the cause of action accrues he departs from and resides out of the State, the time of his absence is no part of the time limited for the commencement of the action. These provisions shall not apply to any case when, at the time the cause of action accrued or shall accrue, neither the party against nor in favor of whom the same accrued or shall accrue were or are residents of the State. Section 22 [Ill. Rev. Stat. ch. 83, par. 23; Jones Ill. Stats. Ann. 107.282] also provides the bar of the statute shall not apply in case of fraudulent concealment, but there is no pleading in this case nor evidence tending to sustain in any of these exceptions. It would seem on the undisputed facts here the present action is barred by the statute, and we so hold.

Defendants also contend plaintiffs and intervenors are barred from maintaining their suits by gross laches. We have already held the cause of action accrued in November 1934, and stated the complaint was filed August 7, 1942; the intervenors' complaint September 18, 1942. The order appealed from was entered November 8, 1944. In other words, the suit was begun more than eight years after the cause of action accrued and the decree appealed from was entered more than two years thereafter. We are therefore now considering a case where the alleged right of action accrued more than ten years ago. The law of laches is strictly applied to rights claimed under civil

service statutes. The object of the civil service laws is not only to protect employees from the spoils system but, more important, to protect the public and in order that it may receive service of the kind and quality for which it pays. Protection of the public is the main purpose. The protection of the employee in his tenure of office is collateral thereto. For these reasons laches is imputed and bars from relief any employee claiming to have been wronged, who fails to act with reasonable speed. Of numerous cases it will be sufficient to cite *City of Chicago v. Condell,* 224 Ill. 595, and *People ex rel. McSweeney v. Collins,* 276 Ill. App. 1. The necessity of such a rule in this type of case is well illustrated here. After their cause of action accrued plaintiffs here delayed bringing their actions, accepted temporary appointments, from which they were laid off, and took civil service examinations, which in every case each one of them taking failed. In this way, other employees obtained prior rights, which the claims now made by plaintiff and intervenors would destroy. The order appealed from is unfair to these other employees and detrimental to the service of the Chicago Park Board.

In the case of *People ex rel. Richards v. Allman,* 289 Ill. App. 586, 592, this court stated the law applicable as to laches in beginning and laches in prosecuting suits of this nature. We there said:

"Where one seeks a writ of mandamus in a case such as the one at bar, he must not only act promptly in beginning his action but he must also see that it is expeditiously prosecuted as well. *People ex rel. Lynch v. City of Chicago,* 271 Ill. App. 360, and *People ex rel. Hahn v. City of Chicago,* 279 Ill. App. 624."

We, also, there pointed out that for this reason suits of this nature are favored in the way of getting a speedy hearing in the trial courts. We hold plaintiffs and intervenors are barred by laches in beginning and prosecuting their actions as well as by the Statute of Limitations.

Pending this litigation plaintiff Fred H. Simon passed away and his death has been suggested of record. The petitions of Jane Margaret Walsh and Arthur Benson have been voluntarily dismissed. As to other plaintiffs and intervenors the judgment will be reversed without remanding.

*Reversed.*

O'CONNOR and NIEMEYER, JJ., concur.