SANTUCCI CONSTRUCTION COMPANY, Plaintiff-Appellee, *v.* METROPOLITAN SANITARY DISTRICT OF GREATER CHICAGO *et al.*, Defendants-Appellants.

(No. 54988; ▮▮▮▮▮▮▮▮

First District—December 28, 1972.

Allen S. Lavin and Andrew A. Farenga, both of Chicago, (Fred F. Herzog, of counsel,) for appellants.

James O'Donohue, of Chicago, (Paul P. Pennick and Phillip J. Rock, of counsel,) for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This cause of action arose in the circuit court of Cook County out of a petition for *mandamus* brought by Santucci Construction Company against the Metropolitan Sanitary District of Greater Chicago. Without hearing evidence, the trial court granted a preemptory writ of *mandamus* directing the District to take all steps necessary to issue revenue bonds in an amount sufficient to pay Santucci's claim for $192,500.87, together with interest from December 15, 1960. The District appeals from the order granting the writ.

The record on appeal consists of Santucci's amended petition for *mandamus*, the District's answer and affirmative defense, a transcript of argument by counsel and the order issuing the writ. Along with its brief, Santucci has attached a document described as the official journal of

proceedings of the District's Board of Trustees, and has asked that we consider it in deciding this appeal. The document, however, was not part of the trial record, was not considered by the trial court, and therefore will not be considered by this court.

Santucci's petition for *mandamus*, filed on March 22, 1968, alleged that on March 7, 1958, the District awarded a contract to Santucci for the construction of sewers in Mount Prospect; that in accordance with the terms of the contract, Santucci completed the project on September 15, 1960, and that the project was accepted and approved by the District on December 15, 1960 at a regular meeting of the trustees. The petition went on to charge that the sum of $192,500.87 was still due and owing, but that the Revene Bond Fund for the project had been exhausted; that the District had stated that the money could not be paid and that there was no liability on its part as no funds were available to pay Santucci because the fund was exhausted; that the project was constructed under authority of statute (Ill. Rev. Stat. 1955, ch. 42, par. 329a), which authorized sanitary districts to construct sewerage systems for particular localities, and to pay the cost by the issuance and sale of revenue bonds of the district payable solely from revenues derived from the operation of the sewerage system without any indebtedness on the part of the sanitary district. The petition concluded with a prayer for a writ of *mandamus* ordering the District to authorize the issuance and sale of additional bonds to complete payment on the project to Santucci.

In its answer to the petition, the District admitted that Santucci completed its work and that the project was approved and accepted by the District on December 15, 1960, but denied that the work was done in accordance with the contract in that certain deviations in the contract had not been approved by the District. The answer also set forth that, since the Revenue Bond Fund for the project had been exhausted, there was no money due and owing Santucci. Along with its answer, the District filed an affirmative defense in which it set forth that the additional revenue bonds sought by Santucci would have to be paid by the users of the sewerage system in question, and thus the users and original bond holders were necessary parties to the action; that Santucci's petition failed to show a clear legal right to the issue of additional bonds or a duty on the part of the District to issue said bonds; that the petition failed to allege, and Santucci had, in fact, failed to make any demand upon the District to issue additional bonds; that the action was barred by the Statute of Limitations; and that Santucci's delay in commencing the action, by which the District was prejudiced, gave rise to the defense of *laches*.

After hearing argument, the trial judge granted a writ of *mandamus*

ordering the District to issue additional revenue bonds to be paid out of revenues received from the operation of the Mount Prospect Relief Sewers, and further ordering the District to sell such bonds in an amount sufficient to pay Santucci $192,500.87, together with interest from December 15, 1960.

On appeal the District maintains that the trial court committed reversible error in issuing the writ of *mandamus* for the following reasons: (1) Santucci failed to show a clear legal right to such relief; (2) that failure to make the users and original bondholders of the sewerage system in question parties to the action defeated Santucci's right to *mandamus*; (3) that Santucci's failure to make a demand on the District for the issuance of additional bonds was fatal to the right of *mandamus*; (4) that the action was barred by the Statute of Limitations; and (5) Santucci's delay in starting the action prejudiced the District and gave rise to the defense of *laches*. The District further argues that, even if the writ of *mandamus* was properly awarded, the trial court erred in granting interest from December 15, 1960.

Although the District argues persuasively that, under the instant record, Santucci has not demonstrated a clear legal right to a writ of *mandamus,* and also that Santucci failed to allege or prove that it made a prior demand upon the District for the issuance of additional bonds, we believe that the District's contention that Santucci's action was barred by the Statute of Limitations and by *laches* is dispositive of the appeal.

■■ Section 15 of the Limitations Act (Ill. Rev. Stat. 1969, ch, 83, par. 16), provides in part, "all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." While there are decisions to the contrary, the great weight of authority in Illinois has been that the Statute of Limitations is applicable to *mandamus* actions. (*Peoria County v. Gordon,* 82 Ill. 435; *People v. Town of Oran,* 121 Ill. 650, 13 N.E. 726; *People v. Armstrong, et al.,* 196 Ill. App. 199; *Meents v. Reynolds,* 62 Ill.App. 17.) And in *People ex rel. Fox. v. Dunham,* 326 Ill.App. 562, 63 N.E.2d 138, this court held that plaintiffs' petition for *mandamus,* filed more than eight years after the cause of action accrued, was barred by the Statute of Limitations and by the petitioners' *laches.* (See also *People ex rel. Roach v. Dunham,* 328 Ill.App. 584, 66 N.E.2d 446.) On appeal from a judgment awarding *mandamus* against a city, this court, in *First Trust and Savings Bank v. City of Park Ridge,* 242 Ill.App. 574, stated at pp. 578, 579:

> "And we think the demurrer to the plea of the 5-Year Statute of Limitations was improperly sustained. While in its decision [Murphy v. City of Park Ridge, 298 Ill. 66, 131 N.E. 256] the Supreme Court said that 'the only Statute of Limitations, if

any was applicable, was the five-year limitation,' it did not undertake to decide the question, holding that it was not properly preserved for review. It did decide, however, that the proceeding is one to enforce a private right, and in People v. Town of Oran, 121 Ill. 650, where a petition for mandamus was filed to enforce a private right and the 5-Year Statute of Limitations was pleaded, the court held "no public interest being involved, the Statute of Limitations might properly be pleaded.' We deem this ruling conclusive of the question   *   *   *."

We, too, believe that the decision set forth in the *Oran* case is conclusive, logical and sound. We therefore determine that where, as in the instant case, the enforcement of a private right is involved, the Statute of Limitations is applicable to a *mandamus* action. Since Santucci did not bring its action in *mandamus* until more than seven years had elapsed after the cause of action accrued, the suit was barred by the Statute of Limitations.

In *People ex rel. Stubblefield v. City of West Frankfort*, 340 Ill.App. 443, 92 N.E.2d 531, this court held that the Statute of Limitations was not applicable to *mandamus*. In so holding, the court stated that its research had not revealed any *mandamus* actions in which the Supreme Court had ever applied the Statute of Limitations. This statement overlooked the precise holdings of *Oran* and *Peoria*, *supra*. In *Stubblefield*, the court also relied on the holding in *People v. Commercial Union Fire Insurance Co.*, 322 Ill. 326, 153 N.E. 488. However, in the *Commercial* case, the Supreme Court was faced with the enforcement of a public right rather than a private right. The law in the *Commercial* case does not control our facts.

In *Roberts v. Village of Lyons*, 307 Ill.App. 36, 29 N.E.2d 857, involving a *mandamus* proceedings to compel a village to levy supplemental assessments, this court ruled that the Statute of Limitations was not applicable to *mandamus*. However, in reaching that conclusion, the court relied on *Cody v. Town of Cicero*, 203 Ill. 322, 67 N.E. 859, which was not a *mandamus* action. We hold that in the enforcement of private rights the limitations staute is applicable to *mandamus*.

■■ The District also urges that Santucci's delay in bringing the instant action gave rise to the defense of *laches*. *Laches* is such neglect or omission to assert a right taken in conjunction with a lapse of time of more or less duration and other circumstances causing prejudice to an adverse party as will operate as a bar to a suit. (*People ex rel. Cronin v. Cahill*, 118 Ill.App.2d 18, 254 N.E.2d 161.) Santucci concedes that *laches* is an appropriate defense to a *mandamus* action, but argues that the District did not establish that it was prejudiced by the delay of over

seven years. In its answer to Santucci's petition, the District set forth the defense of *laches* and that it had been prejudiced by the delay. The record reveals, however, that the District was not afforded an opportunity to offer evidence as to that prejudice.

For the reasons stated, the judgment of the circuit court is reversed.

Judgment reversed.

McGLOON, P. J., and DEMPSEY, J., concur.