The Honorable Brenda Gullett State Senator #28 Longmeadow Pine Bluff, AR 71603
Dear Senator Gullett:
You have presented the following question for my opinion:
 Is there a statute of limitations on how far back a local pension and relief fund can go to request that monies enumerated under A.C.A. § 24-11-413 and A.C.A. § 24-11-415 be added to their local fund?
RESPONSE
State law does not explicitly address this question. Before offering my interpretation of the issue, I must note as an initial matter that it is my understanding that the monies in question are payroll deductions that the city made, but did not add to the pension fund as required by the cited statutes, rather than monies that were erroneously paid to employees. It is unclear why these payroll deductions were not added to the fund, and whether the city may have had a sound legal basis for its handling of the deductions. I cannot opine on that issue, and this opinion should not be interpreted as addressing that issue.
If my understanding of the facts is correct and the situation was one in which the city did indeed make payroll deductions, and if those deductions should, as a legal matter, have been added to the pension fund pursuant to the cited statutes, I believe the most reasonable view, in the absence of legislative or judicial guidance on the issue, is that there is no time limit for the local fund's attempt to recover the monies.
A cause of action for the recovery of such monies would presumably take the form of a mandamus action. "Mandamus is traditionally regarded as a remedy to be used on all occasions where the law has established no specific remedy, and justice and good government require it. . . . It is a writ used to enforce a specific right." Jacobs v. Yates, 342 Ark. 243,249, 27 S.W.3d 734 (2000). The situation you have described is one in which a mandamus action would be instituted to enforce the specific right, created by A.C.A. § 24-11-413 and 415, to have certain monies added to the local pension fund.
A limitations period for mandamus actions is not specifically created by any statute, nor have the Arkansas appellate courts squarely addressed the issue. The weight of authority on this issue in other states that (like Arkansas) do not have specific limitations periods for mandamus actions,[1] is divided. In some states, the courts have applied the state's "catch-all" statute of limitations (statutes similar to Arkansas' A.C.A. § 16-56-115) to mandamus actions. See, e.g., Santucci v.Metropolitan Sanitary Dist. of Greater Chicago, 292 N.E.2d 579,9 Ill. App.3d 491 (1972). Other state courts have held that mandamus actions are not subject to a statute of limitations. See, e.g., Stephenson v.Bonney, 216 P.2d 315 (Okla. 1950); Board of Education of City of Duncanv. Johnston, 189 Okl. 172, 115 P.2d 132 (1941), citing United States v.Lane, 249 U.S. 367 (1919) ("Mandamus is classed as a legal remedy. . . . It is an extraordinary remedy which will not be allowed in cases of doubtful right . . . and it is generally regarded as not embraced within the statutes of limitations applicable to ordinary actions.").
Some courts have held that a statute of limitations will not bar a mandamus action where the statutory duty that the action seeks to enforce is a "continuous duty." For example, in State ex rel. Wright v. Pepperl,380 N.W.2d 259 (Neb. 1986), a student's father brought a mandamus action to compel the state's Revisor of Statutes to publish a law that had been enacted by the legislature dealing with the loan by public schools to private schools of secular textbooks. The Revisor of Statutes argued that the action was barred by a four-year statute of limitations. The Nebraska Supreme Court rejected the argument. The court pointed out first that the Revisor of Statutes had a statutory duty to publish the enacted laws. As an initial matter, it would be absurd to suggest that an enacted law could be repealed simply by the Revisor's failure to publish the law as required within four years. But even if it could be argued that the Revisor's statutory duty was subject to a statute of limitations, the limitations period would never run, because the duty was a continuous duty. Each day on which the Revisor failed to comply with his statutory duty, a new cause of action would accrue and a new limitations period would begin to run. The result, of course, would be that a mandamus action to compel compliance with the statutory duty could never be defeated by the argument that the statute of limitations had run.
Using yet another approach, some courts, such as the Santucci court,supra, have held that a limitations period applies only to mandamus actions that are instituted for the purpose of protecting private rights, but not to those instituted for the purpose of protecting public rights. In Santucci, the Appellate Court of Illinois applied a five-year catch-all statute of limitations to bar a mandamus action by a contractor (instituted seven years after his claim had accrued) seeking to compel a metropolitan sanitary district to issue bonds in an amount sufficient to pay his claim for construction work that he had performed for the district. In applying the five-year statute of limitations, the court expressly distinguished previous cases in which the Illinois appellate courts had declined to apply a statute of limitations to bar mandamus actions that sought to enforce public rights, as opposed to private rights such as the contractor's claim. For example, in City of Chicagov. Commercial Union Fire Ins. Co., 153 N.E.2d 488 (Ill. 1926), the Illinois Supreme Court had rejected a statute of limitations argument, sustaining a mandamus action to compel the filing of fire insurance report as required by ordinance. See also Roberts v. Village of Lyons,29 N.E.2d 857 (Ill. 1940).
Having reviewed the positions of other states on the issue you have raised, it is my opinion that a reasonable approach to this issue, pending guidance from our own Supreme Court or legislature, would be to combine the "continuous duty" approach with the approach that distinguishes between private rights and public rights. Under that approach, the "catch-all" statute of limitations could be applied to mandamus actions that seek to enforce private rights, but not to mandamus actions to enforce public rights. Statutory duties that inure to the benefit of the public would be deemed to be "continuous duties." This approach would give cognizance to the fact that the Arkansas Supreme Court has recognized that a statute of limitations applies to mandamus actions that seek to enforce private rights. See, e.g., Boone County v.Skinner-Kennedy Stat'y Co., 191 Ark. 329, 86 S.W.2d 18 (1935); Crudup v.Ramsey, 54 Ark. 168, 15 S.W. 458 (1891).
If this approach were used to analyze the situation you have described (and as I understand it, as set forth previously), it would lead to the conclusion, in my opinion, that the statute of limitations should not apply to prevent the local pension and relief fund board from seeking to have the payroll deductions added to the fund, as required by statute. The right to have such monies added to the fund is, in my opinion, a public right, rather than a private one, and the city has a continuous duty to add such monies to the fund.
As a final matter, I note that the defense of laches may be raised against such an action by the board.[2] The defense of laches can be effective in barring a mandamus action, even if a statute of limitations is not. See, e.g., Emerson v. Deschutes, 610 P.2d 1259 (Or.App. 1980).See also City of Chicago v. Commercial Union Fire Ins. Co.,153 N.E.2d 488 (Ill. 1926); Firemen's Relief Fund of Stuttgart v. Rittman,198 Ark. 580, 129 S.W.2d 595 (1939). The question of whether the defense of laches will be sustained is a question of fact. It requires a showing that a party purposely or negligently failed to assert his right for so long that to permit the claim would prejudicially disadvantage an opposing party.Cavaliere v. Skelton, 73 Ark. App. 188, 40 S.W.3d 844 (2001); Massongillv. County of Scott, 337 Ark. 281, 991 S.W.2d 105 (1999). It should also be noted that a "continuing duty" can defeat a claim of laches. See,e.g., Richland County v. Kaiser, 567 S.E.2d 260 (S.C.App. 2002).
I reiterate that the issue you have raised is one that neither the Arkansas General Assembly, nor the Arkansas Supreme Court has squarely addressed. The approach I have suggested draws upon what I believe to be the most reasonable elements of the divided authority in other jurisdictions.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] Some states, such as Florida (see Fl. St. 95.11), Massachusetts (see M.G.L.A. c. 31 § 46A), New York (see Civil Practice Act §§ 1283 et seq., 1286), and Virginia (see Va. St. § 8.01-644.1), have, at various times, had statutes of limitation that specifically governed certain mandamus actions and were strictly applied in evaluating the timeliness of such actions. See, e.g., Chartrand v. Registrar of Motor Vehicles,347 Mass. 470, 198 N.E.2d 425 (1964); Austin v. Board of Higher Ed. of Cityof New York, 5 N.Y.2d 430, 186 N.Y.2d 1, 158 N.E.2d 681 (1959). Arkansas has no such specific statute for the type of mandamus action that is at issue in your question.
[2] Although the doctrine of laches may not normally be asserted against the state, it may be asserted against other governmental agencies. See Hart v. Sternberg, 205 Ark. 929, 171 S.W.2d 475 (1943), citing Western Clay Drainage District v. Wynn, 179 Ark. 988,18 S.W.2d 1035 (1929), and Board of Levee Inspectors of Chicot County v.Southwestern Land Timber Co., 112 Ark. 467, 166 S.W. 589 (1914).